Hassard *v.* Rowe.

---

## HASSARD *vs.* ROWE and others.

Where a guardian advances money out of his own pocket, for the erection of buildings upon the land of his ward, without the order of a court of equity, he can not recover the amount from his ward.

IN EQUITY. This was an appeal by the plaintiff, from a decree made at special term dismissing the bill of complaint.

Hassard v. Rowe.

The bill was exhibited, in the late court of chancery, to enforce the reimbursement out of the proceeds of the real estate of the defendants, of money advanced by the complainant, for improvements on such real estate, while he was their guardian of person and estate. The father of the defendants died in 1832, intestate, leaving a lot with two houses thereon at No. 6 Goerck-street, in the city of New-York, and a leasehold interest in the premises No. 125 Anthony-street, in said city, which, by the death of their mother in 1836, became the exclusive property of the defendants. The mother in her will appointed A. O. Brodie her executor, and left to him in trust $800 for each of the children, the proceeds to be applied to their education, and when they became 18 the principal paid them. The amount of these two funds, when bill filed, was about $1710, and each had also in the Life Insurance and Trust Company $125. The Goerck-street property was subject to a mortgage of $2400, the house upon it was insured for $3000. It was burnt in 1836, and the plaintiff received the insurance money, with which, and $1490 of his own money, he erected two houses on Goerck-street. The advance of $1490 was without any application to the court, and the plaintiff had no security, but alledged that the estate was benefited in value by this advance, and claimed to be reimbursed out of the estate.

*Stevens & Hoxie,* for the plaintiff. I. The plaintiff having acted in good faith, and for the manifest benefit of the infants, must be protected by this court. (*Pierson* v. *Shore,* 1 *Atk.* 480. 1 *Vern.* 437, note. *Fountaine* v. *Pellet,* 1 *Ves.* 337. *Smith* v. *Smith,* 4 *John. Ch. Rep.* 201. *Thompson* v. *Brown,* 4 *Id.* 619. *Bonsall's appeal,* 1 *Rawle,* 266. *Ronald* v. *Barkley,* 1 *Brock.* 356. *Belchier* v. *Parsons, Ambler* 219. *Diffendirfer* v. *Winder,* 3 *Gill & John.* 311. 2 *Story's Com. on Eq.* 242, 512, 514. *Field* v. *Schieffelin,* 7 *John. Ch. Rep.* 154.) II. A guardian is bound to keep up and sustain his ward's estate, and must be allowed for necessary repairs. He has a lien on the premises for such disbursements. (2 *R. S.* 86.

2 *Kent*, 229, 4th ed. *Bonsall's appeal*, 1 *Rawle*, 266. *Ronald* v. *Barkley*, 1 *Brock.* 356. *Green* v. *Winter*, 1 *John. Ch.* 27. *Methodist Ep. Ch.* v. *Jaques*, *Id.* 450. *Davoue* v. *Fanning*, 2 *Id.* 252. *Murray* v. *De Rottenham*, 6 *Id.* 52, 62, 67. *Palmer* v. *Danby*, *Prec. in Chancery*, 137, *Hooper* v. *Eyles*, 2 *Vern.* 480. *Robinson* v. *Ridley*, 6 *Madd.* 2. *Newton* v. *Poole*, 12 *Leigh*, 113, 140.) III. This court will approve and sustain an act when done, which on application it would have ordered to be done. (*Inwood* v. *Twyne*, *Amb.* 419. 2 *Eden*, 150. 1 *Bro. C. C.* 368. 3 *Bro.* 60, 401. *Lee* v. *Brown*, 4 *Ves.* 369. *Howe* v. *Earl of Dartmouth*, 7 *Id.* 150. *Eckford* v. *De Kay.* 8 *Paige*, 89. 6 *Id.* 390.) IV. The referee rests his opinion on the ground that "the claim in this case is not for repairs, nor for advances made in an exigency to save the estate from loss." We insist that the rebuilding in the present instance was a repair. It has been decided that the covenant of a tenant to repair would require him to rebuild. (*Taylor's Land. and Ten.* 172.) V. The money expended by the guardian has been invested in property of which the defendants are in possession, and not denied to be of the value stated by the plaintiff.

*Edw. Clark*, for the defendants. I. The complainant had no authority to make the advances in question for the purpose of erecting buildings on the premises of the infants, and he can not set them up now as a charge against the infants, or their estate. 2 R. S. 153, § 20, 1st ed. extends the powers of the guardian so far as to allow him to *keep up and sustain* the houses of his ward with the issues and profits thereof, *and with such other moneys belonging to his ward as he shall have in his hands.* This is the full extent of his authority in this behalf. II. This is not one of that class of cases where the court of chancery will confirm the acts of a guardian or trustee done in good faith, though not strictly legal when performed. (*Putnam* v. *Ritchie*, 6 *Paige*, 390.) That class of cases is confined to instances where the illegal act embraced a fund belonging to the infant, but which was in the legal power and disposition of the guardian;

Hassard v. Rowe.

or where it embraced property of which the legal estate was in trust, so as to place it fully within *the power of the court of chancery*, as the general guardian or protector of the rights of infants. (*Putnam* v. *Ritchie*, 6 *Paige*, 390, 401.) III. The court of chancery will not give relief to a complainant who has made improvements upon land, *the legal title to which is in another*, where there has been neither fraud nor acquiescence on the part of the latter, after knowledge of his rights. (*Putnam* v. *Ritchie, supra. Story's Eq.* § 1238. 2 *Kent's Com.* 334, 5.) The case of a guardian is no exception to this rule. (*Putnam* v. *Ritchie, supra.*)

EDWARDS, J. The defendants in this case, while they were infants, were seised and possessed of a lot of land, and the buildings thereon, situated in the city of New-York. The buildings, which were insured at $3000, were destroyed by fire. The whole amount of the insurance money was collected and received by the plaintiff, who at that time was guardian of the defendants. After the fire, the plaintiff erected two houses upon the said lot, and in so doing expended the sum of $1490 of his own money, in addition to the sum received upon the insurance, and which he now claims that he is entitled to recover from the defendants.

As a general rule, a guardian is not authorized to dispose of the property of his ward, except for his maintenance and education, without the order of a court of equity. It has been held, however, that he may without such order, change the property of his ward from real into personal, and from personal into real estate, in cases where there is no express statutory restriction, and where the change is manifestly for the advantage of the infant. (*Eckford* v. *De Kay*, 8 *Paige*, 90. 2 *Kent's Com.* 230.) But amongst the numerous authorities which were cited upon the argument, no one was referred to in which the rule has been so far extended as to embrace a case like the one before us. And, however equitable the claim of the plaintiff may be, we concur in the remark which was made by the late chancellor in the case of *Putnam* v. *Ritchie*, (6 *Paige*, 395,) that we are

not authorized to introduce a new principle into the law of this court, without the sanction of the legislature.

The appeal must be dismissed with costs.

EDMONDS, P. J. concurred.

MITCHELL, J. dissented.                    Appeal dismissed.

[NEW-YORK GENERAL TERM, March 8, 1851.  *Edmonds, Edwards* and *Mitchell*, Justices.]

