All the judges concurring, judgment is reversed and new trial ordered in County Court.

Ordered accordingly.

---

ALEXANDER COPLEY and EDWIN J. HARLOW, Respondents, *v.* MICHAEL O'NEIL, Appellant.

(GENERAL TERM, FIFTH DISTRICT, OCTOBER, 1869.)

The defendant, owning and occupying a house and lot, conveyed the same to his infant daughter, who resided with him as a member of his family and the house being destroyed by fire, employed the plaintiffs to build him a dwelling, upon the old foundation; the plaintiffs performed the work, and filing the required notice (Laws 1854, p. 1086, chap. 204, extended Laws 1858, p. 324, chap. 204), claimed a mechanic's lien, for the value of the labor and materials; defendant took possession of the new house, and continued to reside there with his said family. In an action under the statute for judgment, as upon a mechanic's lien,—*Held*, the defendant had no interest in the house erected, other than as guardian of his daughter, and the plaintiffs had obtained no lien thereon.

Section 20, 2 R. S., 153, by which a guardian is authorized to sustain and keep up the houses, &c., of his ward, does not include rebuilding.

*Held*, further, defendant could not, by contract with himself as guardian, become a tenant of the property.

Nor could he give to himself a license to erect and remove the building.

And it seems, when a guardian erects a building, especially a dwelling, on the ward's land, it becomes a permanent annexation, however attached to the soil.

APPEAL from a judgment entered in favor of the plaintiff, upon the report of a referee in an action under the statute, to enforce a mechanic's lien.

The defendant and his deceased wife had owned a lot of land and dwelling thereon, under a conveyance to them jointly; after the wife's death, defendant conveyed without consideration, to his infant daughter, who lived with him on the premises, as a member of his family; the deed bore date April 25, 1867. In the fall of 1867, the house had been burned down, and defendant employed the plaintiffs tc erect him a new dwelling, agreeing to pay therefor by subscrip-

Copley *v.* O'Neil.

tions, which he had obtained and was to collect, and by a mortgage on the premises.

The plaintiffs completed the house on 4th May, 1868, placing it on the foundation walls of the old building, except on one side, where it rested on the ground; no plastering was used to attach the building to the foundation walls, but the earth was banked up against the sills. On the 14th May, 1868, defendant having failed to meet his promises in the contract, as to the payments and mortgage, the plaintiff filed a notice under the statute (Laws 1854, chap. 204), with the town clerk of the town of Pamelia, Jefferson county, where the property was located, and afterward brought this action by notice, as provided by the statute, to enforce the lien which he claimed in consequence.

The referee found, as stated at the close of the following opinion.

*B. Bagley,* for the appellant.

*Moore & McCartin,* for the respondents.

Present—BACON, FOSTER, MULLIN and MORGAN, JJ.

By the Court—MULLIN, J. Section one of the mechanics' lien law (Laws 1854, chap. 402), gives a lien against the owner to the extent of his interest, upon a house and upon the land on which it stands, for labor done upon, and materials furnished for such building, upon compliance with the provisions of said act.

Unless the person proceeded against is owner, there can be no lien; and if there is no lien, there can be no judgment under the act.

The defendant and his wife, had owned the land on which the house was erected. The wife died, and upon her death he became sole owner thereof. Before the labor was performed, or materials furnished by the plaintiff, the defendant conveyed said land to his daughter Margaret, who was sole owner at the time of the erection of the house and had been from April, 1867. The bargain for building the house was made in the fall of 1867.

It is thus conclusively established that defendant did not own the land on which the house stood at the time of the commencement of proceedings to acquire a lien.

Was he at that time or at any other time owner of the house?

The daughter who owned the land was, and still is, a minor. The father was her guardian. She lived with him. The dwelling-house was burned and he proceeded to erect another.

As guardian, he could not, without the authority of a competent court, erect a house on the ward's land and charge the expense upon the ward. (*Hassard* v. *Rowe*, 11 Barb., 22.)

In that case, the plaintiff was guardian of the defendants, who inherited from their father two lots of land in the city of New York, the buildings on which had been destroyed by fire. The plaintiff deeming it for the interests of his wards that new buildings should be erected on the lots, used the insurance money received on insurance on the old buildings, and added to it moneys of his own, and erected new buildings. He filed a bill to compel the repayment to him of the moneys so advanced by him.

The bill was dismissed on the ground that the plaintiff could not, without authority of the court, expend his money in improving the land of the ward, and be reimbursed out of the ward's estate.

If the guardian could not charge the estate of his ward for advances made by himself, it would be difficult to apprehend, how he could effect the object by employing another to make such advances.

By 2d statutes at large, page 150, § 20, a guardian is authorized to sustain and keep up the houses, gardens and other appurtenances to the lands of his wards, by and with the issues and profits thereof, or with any other moneys of his ward in his hands.

Keeping and sustaining the houses, &c., of his wards, does not include rebuilding; if it did, the case of *Hassard* v. *Rowe*, would have been decided the other way.

The chancellor held, in *Putnam* v. *Ritchie* (6 Paige, 390),

Copley *v.* O'Neil.

that a person who, under a misapprehension of his legal rights, had made large and valuable improvements on lands of minors, they (the minors) were entitled to the improvements, but were not bound to pay for them. And he further held that the minors were not chargeable with fraud or acquies·cence until they became acquainted with their legal rights.

In the case cited, the plaintiff had taken from the mother of the defendants, a release of a lease in fee of the premises in question, in the suit, of which defendant's father died seized. She supposed the lease was assets, and that it was for the interest of the children to be relieved from the payment of the rent; and after plaintiff obtained the release, he entered and made the improvements, for which he sought compensation. The defendants had recovered the premises in an action of eject-ment, and the bill was filed to restrain that suit, until defend-ants paid him for his improvements. His bill was dismissed.

In the case before me, the plaintiffs are charged with notice of Margaret's title to the premises, at all events they are chargeable with notice, that defendant had no title to them when the bargain for erecting the house was made.

And they have no reason to complain, if, with such know-ledge, they did the work and furnished the material sought to be charged as a lien on the house.

The defendant being guardian, and, as such, having charge of the ward's land, his possession of it was in his capacity of guardian and could be in no other. He could not by a con-tract with himself create the relation of landlord and tenant, and hence his occupation could not be that of a tenant even at will.

It is doubtless true that a guardian would be liable to account to his ward for the use of the ward's lands, if he occupied them for his own benefit. But such liability is not as tenant but as a debtor; having omitted to let the premises to others, he must account for what he ought to have received from them.

Permission to erect on the ward's land a building with the right of removal, could only be obtained from the guardian,

this again made necessary a contract by defendant with himself. So that plaintiff cannot claim even a license to erect and remove the building, that is binding on the ward.

When the guardian erects a building, especially a dwelling, on the ward's land, it must be a permanent annexation however it may be attached to the soil; and this presumption is very much increased when the person erecting the building is the father of the ward.

I am unable to discover any ground on which the defendant can be held to be owner of the house; and not being owner, there can be no lien.

Whether, on the facts proved, the plaintiff can in equity obtain a lien on the house, or on the house and land, is a question not before us and upon which I express no opinion. If there is any such relief, it is open to the plaintiff, if the lien sought to be enforced in this proceeding fails.

It is suggested by the plaintiff's counsel that defendant's counsel has served no exceptions to the finding of the referee, and hence he cannot assail the findings either of fact or law. In this he appears to be mistaken; the case contains exceptions to both.

The referee finds the facts as to the ownership, precisely as they were proved by defendant. He had, therefore, no ground for excepting to the facts.

The exception to the conclusions of law is "to all the findings, as matter of law." By the decisions of the Court of Appeals, such an exception is too general, unless all the conclusions of law are erroneous. (*Magie* v. *Baker*, 14 N. Y., 435.)

His conclusions are, 1st, that the defendant was owner this is, in my opinion, clearly erroneous.

The 2d is, that plaintiffs, by their notice, obtained a lien on the house; this is erroneous, if defendant was not owner.

The 3d is, that plaintiffs were entitled to judgment for their debt and costs.

This is also erroneous, as in this proceeding no judgment can be rendered for debt and costs unless a lien has been obtained.

The exceptions to the conclusions of law are, therefore, sufficient, and they are before us for review.

The judgment should be reversed, with costs. As a new trial would be of no benefit to the plaintiffs, none should be ordered.

All the judges concurring, the judgment is reversed.