(19 App. Div. 375.)

### CURRY v. KEIL.

(Supreme Court, Appellate Division, First Department.　July 2, 1897.)

GUARDIAN—POWERS.

　　A guardian has no power to impose restrictions upon his ward's real estate by covenanting with a stranger that it shall not be used for a specific purpose.

Appeal from special term.

Action by John J. Curry against William Keil. From an order denying a motion for a temporary injunction, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

David M. Neuberger, for appellant.
George W. Dunn, for respondent.

PATTERSON, J.　The defendant, Keil, an executor, and who is also the general guardian of an infant owner of real estate situate in the city of New York, entered into an agreement with the plaintiff, an owner of another piece of property in the city of New York, and stipulated that the infant's property should not be used or rented for a specific purpose. That was the whole of the agreement, except a provision for a consideration. No estate or term or right of any kind in the land was acquired by the plaintiff, and the effect of the agreement was only to attempt to place upon the infant's land a restriction burdensome to the property, greatly impairing its value, and reducing the income to be derived from it as rent. There is nothing whatever to show that Keil, as executor, had any power under the terms of a will to make such a contract binding upon the infant's real estate; and merely as executor, without specific authority, no one will contend that he had such right. As guardian he possibly may have had the power to make a lease, but he could not, by an independent contract, impose restrictions upon the infant's property, and impair his estate, by a mere covenant against use for the benefit of a stranger. He could not make such a contract as against the infant, nor could he bind McGovern, the present tenant and lessee, who is in possession without notification of any kind of the existence of the contract. If the contract is valid, Keil is liable in damages individually to the plaintiff, but no equitable relief of the character sought for could be granted by final judgment, and therefore the court below was right in denying the motion for an injunction.

The order appealed from must be affirmed, with costs.　All concur.