{42 Misc. Rep. 4.}

## HICKEY v. DIXON et al.

(Supreme Court, Special Term, Onondaga County. November, 1903.)

1. GUARDIAN AND WARD—IMPROVEMENT OF WARD'S PROPERTY.

Where a guardian by nature of an infant of his own motion invests his money in her real estate in an attempt to improve it, a judgment creditor of the guardian cannot have paid out of the property so much of the expenditure as will satisfy his judgment and costs.

Action by John J. B. Hickey, as receiver, against Thomas H. Dixon and Margaret Cora Dixon. Judgment for defendant.

ROGERS, J. March 30, 1903, Patrick Caulfield recovered a judgment against the defendant Thomas H. Dixon in the Municipal Court of the city of Syracuse for $345.45, damages and costs. A transcript was that day filed in the office of the clerk of Onondaga county, and execution issued by him to the sheriff of said county, which was returned unsatisfied April 6, 1903. Supplementary proceedings were then instituted, and resulted in the appointment of the plaintiff as receiver, etc., with an allowance of $40 costs. The plaintiff duly qualified as such receiver, gave the necessary bond, and on petition an order was made June 5, 1903, authorizing him to bring this action. The defendant Thomas is the father of the defendant Margaret. She is an infant about 14 years old, having no guardian of her person or estate, except the natural guardianship of her father. Said judgment was recovered on account of the purchase of groceries sold by said Caulfield to said Thomas prior to April 1, 1899, and the same became due and payable prior to that day. On the 14th of April, 1900, the mother of Thomas died, leaving a last will and testament bequeathing to said Thomas a legacy, on account of which he subsequently received about $2,500. The mother also devised to said Margaret a house and lot in Syracuse of the value of $2,000, incumbered by a mortgage of $700, and having a rental value of from $13 to $16 per month. Thomas and his family, including said Margaret, have occupied said house as a residence since the death of the mother. From time to time, after the death of the mother, and out of the money so received, Thomas made repairs, and paid taxes, insurance, and other expenses on said property, together with interest on said mortgage, amounting in all to about $800. The value of this property before the expenditure or the amount which it was increased by reason of the outlay, if any, does not appear. The plaintiff, as a creditor, seeks to reach and to have paid out of this property so much of the expenditure as will satisfy said judgment and costs.

Upon general principles, it would seem to be just that the creditor should be paid from the investment made by the judgment debtor, and to bring about this result would be easy, except for the fact that the owner of the land is an infant. There is no evidence that she was herself guilty of any fraud, or that she had any active participation in procuring the expenditure to be made for the benefit of her property. She is but little more than a child, and, at the most, was a passive party to the transaction, probably with no knowledge where the money came from, or for what purpose it was being expended. The prayer of the complaint is that the amount so paid be fixed and determined, and declared to be a lien upon the said premises; that the premises be sold, and out of the proceeds of the sale the amount of the lien be paid. In his brief the plaintiff's counsel asks that the judgment be satisfied out of the amount paid by said Thomas on the property of the daughter, and that, in any event, he shall be declared to have a right to the surplus remaining after a reasonable value shall have been deducted to compensate her for the use of the premises during the time the father occupied them rent free.

The infant herself would have been incapable of making a contract by which a lien could be created upon her property. If she had assumed to sell it outright, received its full value in payment, and then wasted the proceeds, she might, on becoming of age, have recovered it back without restoring what she had received. Green v. Green, 69 N. Y. 553, 25 Am. Rep. 233. So, an infant may maintain an action to set aside a mortgage given by him on real estate, without restoring the money received on account of it, which he had squandered. Kane v. Kane, 13 App. Div. 544, 43 N. Y. Supp. 662. An action to foreclose a mortgage made by an infant may be successfully defended without tendering back the money received, notwithstanding it was expended on account of the real estate upon which the mortgage was given. New York Bldg. Loan Co. v. Fisher, 23 App. Div. 363, 48 N. Y. Supp. 152. See, also, Petrie v. Williams, 68 Hun, 589, 23 N. Y. Supp. 237, and cases cited at page 594 et seq., 68 Hun, 23 N. Y. Supp. 237. How could another, without due authorization by the court, impose an obligation upon her property which she could not herself create? "Where a guardian advances money out of his own pocket for the erection of buildings upon the land of his ward, without an order of a court of equity, he cannot recover the amount from his ward." Hassard v. Rowe, 11 Barb. 22. "Where the owner of leasehold premises under a lease in fee died, leaving several infant children, and their mother, who was the administratrix of his estate, assigned the lease to the owner of the rent as heir of the lessor, in consideration of his discharging his claim for the rent against the estate of the decedent, held, that the assignment was void, and that the children of the decedent were not divested of their legal estate in the premises, and that the assignee of the lease having, under a misapprehension of his legal right in the premises, made large and valuable improvements thereon, the owners of the legal estate were not bound to pay him for those improvements." Putnam v. Ritchie, 6 Paige, 390. "Where the defendant, who was guardian of his infant daughter, erected a house upon the land owned by her, it was held

that he could not, as such guardian, without authority from a competent court, build a house upon the land of his ward, and charge the expense upon the ward, or create a lien upon the property for labor and materials, in favor of the mechanics employed." Copley v. O'Niel, 57 Barb. 299. See, also, Warren v. Union Bank of Rochester, 157 N. Y. 259, 51 N. E. 1036, 43 L. R. A. 256, 68 Am. St. Rep. 777; Ellwood v. Northrup, 106 N. Y. 172, 12 N. E. 590. "Nor can a guardian, by an independent contract, impose restrictions upon an infant's real estate by a covenant against its use for a specific purpose, for the benefit of a stranger." Curry v. Keil, 19 App. Div. 375, 46 N. Y. Supp. 495. See, also, Brundage v. Munger, 54 App. Div. 549, 66 N. Y. Supp. 1014.

Thomas is guardian in socage of Margaret. Dom. Rel. Law (Laws 1896, p. 223, c. 272) § 50. "A general guardian or guardian in socage shall safely keep the property of his ward that shall come into his custody, and shall not make or suffer any waste, sale or destruction of such property or inheritance, but shall keep in repair and maintain the houses, gardens and other appurtenances to the lands of his ward, by and with the issues and profits thereof, or with such other moneys belonging to his ward as shall be in his possession." Id. § 53. It will be noted that this limits the expenditure to the "issues and profits" of the lands or other moneys belonging to the ward. As such, therefore, he had no authority to make the expenditure in question, so as to charge the same upon the infant's land. I do not perceive that a judgment creditor would have any greater rights than a purchaser, a mortgagee, or seller of material or a guardian. Any other rule than that which prohibits the creation of a charge upon an infant's real estate by the expenditure of money in its supposed improvement, except by authority of the court, would imperil, and perhaps wholly destroy, the property. The expenditure might be disproportionate to the requirements of the property, and necessitate a sale and a wiping out of the whole to pay the amount expended.

I am not able to see how Thomas has any interest in the daughter's land which can be reached by the plaintiff. My conclusion is that the complaint, as against the defendant Margaret Cora Dixon, should be dismissed, with costs. Proposed findings may be served on the plaintiff's attorney and submitted to me for settlement and signature on two days' notice.

Judgment accordingly.