PHILIP FEURING, Plaintiff, *v.* ANNA M. SIEWERS and Others, Defendants.

County Court, Kings County, April, **1923.**

Real property — guardian and ward — repairs made to real estate by guardian — foreclosure of mortgage — mechanics' liens may not be satisfied out of infants' shares — payment from guardian's share in property.

In the absence of rents and profits available for such purpose the general guardian of an infant has no right to bind the corpus of his estate for the expense of repairs to real estate, unless authorized by the court.

The owner of real property died intestate leaving him surviving his widow and three infant children who became seized of the premises subject to their mother's right of dower. A few months after the execution of a mortgage on the property by the mother as general guardian of the children pursuant to an order of the court the mortgage was foreclosed in default of the payment

of interest. Without an order of the court the general guardian had caused extensive repairs to be made upon the property for which mechanics' liens had been filed. There were no rents or profits from which to pay for the repairs represented by the notices of lien. Upon the sale in foreclosure the property brought $900 in excess of the amount for which the general guardian had contracted to sell it before making the repairs, subject to the approval of the court. Upon motion to confirm the report of the referee in the surplus money proceedings, the same so far as it allowed the mechanics' liens against the shares of the infants will be rejected, but so far as it provided for the payment of a personal judgment against the widow, docketed prior to the foreclosure, out of the sum allowed her as the cash value of her dower, the report will be approved. All mechanics' liens allowed against the cash value of the widow's dower with priority as fixed by the statute.

MOTION to confirm report of referee in surplus money proceedings.

*Harry L. Thompson,* for plaintiff.

*George F. Alexander,* guardian *ad litem,* for Margaret M. Siewers and others.

*Darwin J. Meserole,* for defendant Frederick Loeser & Co., Inc.

*David F. Toumey,* for defendant Bernard Simon.

*Philip V. Manning,* for defendant A. Taft & Co.

*Hovell, McChesney & Clarkson,* for defendant Fred Weber.

*Philip V. Manning,* for defendant Sievert A. Olson.

TAYLOR, FRANKLIN, J. This is a motion to confirm a referee's report in surplus money proceedings. One Arthur Siewers died intestate seized of the property which was thereafter sold in the foreclosure from which the surplus arose. He left him surviving the defendant Anna M. Siewers, his widow, and three infant children, who became seized of the premises subject to the mother's dower right. The widow at first conducted the property as guardian in socage but was later duly appointed general guardian. Under authority from the court the property was mortgaged, but a few months later the mortgage was foreclosed as above stated, for non-payment of interest. Apparently under the impression that she was acting within her authority as guardian, but without any order of the court, the widow caused somewhat extensive repairs to be done to the property, for which mechanics' liens were filed aggregating $1,828.75. Prior to making the repairs the widow contracted to sell the property, subject to the approval of the court, for $8,700. The price subsequently obtained on the foreclosure sale was $9,600. With the exception of a few months, the property was occupied as a home by the widow and children. It does not appear that there were any rents or profits from which to pay for the repairs repre-

sented by the notices of lien. The referee in surplus money proceedings allowed the mechanics' liens against the infants' shares, and also allowed to the widow the cash value of her dower interest, subject to payment of a judgment against her for a personal debt, docketed prior to foreclosure. Confirmation of the report is opposed upon the ground that the mechanics' liens are invalid as against the infants' shares.

There can be no doubt as to the good faith of the guardian in procuring the repairs, nor can there be any doubt as to the good faith of the various mechanics who made the same and filed notices of lien therefor. Unfortunately, however, the question to be determined is one of authority to bind the infants. If authority be not found the element of good faith is unavailable to cure the defect, however much the court might be inclined to protect the interest of those who have put their labor and materials into the property and look to the Lien Law to protect them against loss.

In the absence of rents and profits available for such purpose, a guardian has no right, without first procuring special authority from the court, to bind the corpus of an infant's estate for the expense of repairs to real estate. *Logan Planing Mill Co.* v. *Aldredge*, 15 L. R. A. (N. S.) 1159, and cases cited in notes; *Hassard* v. *Rowe*, 11 Barb. 22; Dom. Rel. Law, § 83. Although under the terms of the Lien Law a contract for work on real estate may be made by the owner's agent, and a guardian may be viewed as the agent of infant owners where leave to contract exists, there can be no authority of agency where there are no available rents and profits and the court has not authorized encroachment upon the principal for the purpose of defraying the expense for work and materials.

The fact that the property brought on foreclosure $900 more than the figure for which the guardian was willing to sell it at a prior time, although it may afford reasonable ground for supposing that the repairs enabled a higher price to be obtained on the foreclosure sale, is too conjectural to operate as a basis for an equitable apportionment of moneys available for payment to the lienors. Inasmuch as the alleged liens may not be enforced against the infants' shares, the question arises as to whether they may be enforced against the widow's dower. By contracting in her own name and either expressly or impliedly representing the property as being within her power to make subject to liens, the widow has placed the lienors in a position from which they cannot retreat without loss. The elements of estoppel thus presented compel the allowance of the liens against the widow's dower even though notices of lien were filed against the interest of the infants rather

than against the widow's dower. But such estoppel is ineffectual to bind the judgment creditor. The judgment takes priority over all notices of lien which are legally defective.

The report is rejected in so far as it allows the mechanics' liens against the shares of the infants. It is approved in so far as it provides for payment of the personal judgment out of the sum allowed to the widow as the cash value of her dower. All mechanics' liens are allowed against the cash value of the widow's dower. Priorities are fixed according to statute, but subject to the qualification above stated. Submit revised findings and order.

Ordered accordingly.