## SHERMAN *vs.* WAKEMAN.

What is a sufficient promise to take a case out of the statute of limitations; And what is sufficient evidence to support such a promise.

Where a note has been barred by the statute of limitations, in order to sustain an action to recover the amount thereof, there must be proof of an unqualified promise to pay the entire debt, in express terms, or by fair and just implication from an explicit admission of it as an existing debt, for which the debtor acknowledges himself liable, and which he is willing, and intends to pay.

If the promise be conditional, to pay when able, present ability must be shown.

To support an action upon a note barred by the statute, one of the plaintiff's witnesses testified that the defendant told the plaintiff he would give him two notes, one at six, and the other at twelve months; that he wanted the plaintiff to feel at liberty to call at any time; that he could come in at any time, and expect something on account. The other witness testified that the defendant said this was a debt which he intended paying, and would pay. That he felt in honor bound to pay this debt, and would pay it. That he felt under obligations to pay the plaintiff on account of services which he had rendered him. In addition to this, there was proof that the defendant was able to pay the debt claimed by the plaintiff. *Held*, that the evidence was not of that equivocal, vague and indeterminate character, that ought not to go to the jury as evidence of a new promise; and that a motion for a nonsuit, upon the evidence, was properly denied.

Sherman v. Wakeman.

The rule which was laid down in the case of *Bell* v. *Morrison*, (1 *Peters' Rep. Sup. Ct. U. S.* 351,) and which was adopted in the case of *Purdy* v. *Austin*, (3 *Wend.* 187,) and which has since been followed in this state, is, that in order to prevent a statutory bar, there must be an admission of a previous subsisting debt, which the party is liable and willing to pay.(*a*)

If the charge of the judge contains, *substantially*, the propositions, which the counsel for one of the parties had requested the judge to present in his charge, it is a sufficient compliance with such request, and it is no ground of error, that they are not expressed in precisely the same terms.

THIS case came up on a writ of error to the superior court of the city of New-York, returnable at the May term, 1847, of this court.

The declaration, filed in the court below on the 15th of February, 1845, was in *assumpsit*, upon two promissory notes of the defendant, payable to the plaintiff or order, one for $628,81, payable in twelve months after date ; and the other, for the same sum, payable two years after date ; and both were dated 11th December, 1834 ; whereon a new promise to pay as soon as he should be able to do so, was alledged to have been made on the first day of February, 1845, by the defendant. The declaration contained an averment that from the day of the making the new promise, until the commencement of the suit, the defendant had been able to pay, &c. The declaration also contained the usual money counts, alledging the indebtedness, and promises thereon, as of the first of February, 1845. The de-

(*a*) By " AN ACT *to simplify and abridge the practice, pleadings and proceedings of the courts of this state*," passed April 12, 1848, (*Laws of 71st Sess.* chap. 379,) designated as the " Code of Procedure," (*chap.* 380,) the rule in the case of a statutory bar has been materially changed. The section of the statute is as follows : " § 90. Where the time for commencing an action arising on contract shall have expired, the cause of action shall not be deemed revived by an acknowledgment or new promise, unless the same be in writing, subscribed by the party to be charged thereby." This act was amended at the next session, (*chap.* 348,) and again amended at the 74th session ; and by §110, which is alike in both the amendatory acts, it is declared, that " No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same be contained in some writing, signed by the party to be charged thereby ; but this section shall not alter the effect of any payment of principal or interest."

fendant pleaded, 1st. The general issue ; 2d. The statute of limitations ; 3d. His discharge as an insolvent debtor, under the two-thirds act, by the recorder of the city of New-York, on the 23d August, 1841 ; and that the plaintiff in this cause was one of the petitioning creditors. The plaintiff replied, joining issue on the first plea ; to the second plea, alledging that the causes of action, and each and every of them, did accrue within six years next before the commencement of the suit, and tendering an issue to the country. To the third plea, denying the same, and tendering an issue thereon to the country. The plaintiff also, by leave of the court, replied further, denying that the recorder granted the defendant's discharge, and tendering an issue thereon to the country ; and also, by like leave, that the defendant after his supposed discharge, and before the commencement of the suit, to wit, on the first February, 1845, at &c., "assented to, and then and there ratified, renewed, confirmed and made the several promises and undertakings in the said plaintiff's declaration mentioned ;" concluding with a verification and prayer for judgment. The defendant rejoined, joining the issues tendered by the plaintiff ; denying the last replication, and tendering an issue to the country thereon.

The cause was brought to trial in the superior court, at the April term, 1846, before JONES, chief justice. The plaintiff proved by a witness (George E. Schenck,) that on the 18th January, 1845, he presented the notes declared on, to the defendant, at his own office, who admitted the signature thereto to be his ; and, in answer to the plaintiff's request for a payment of part of the amount due, said : "I can not now, but keep the memorandum, call again, you can feel at liberty to call at any time, and come in at any time, and you may expect something on account ;" and that he also said, "I will give you two notes, one at six months and one at twelve months." It was also proved by another witness, (H. F. Tallmadge,) that he called on the defendant, in January, 1842, on his own account, and asked for payment of some part of the defendant's indebtedness to him ; and that the defendant said, that these debts due to the plaintiff, and to the witness, he intended paying and would pay. That he

wanted one year more of successful business to begin to pay the plaintiff and the witness. He gave the witness a note for $75, which he sent to him enclosed. The witness did not address the defendant in behalf of the plaintiff; and the defendant did not authorize the witness to make any statement of this conversation to the plaintiff; but the witness thought he did communicate this conversation to the plaintiff, but could not tell when he mentioned it to him. In order to show the defendant's ability to pay, the plaintiff's counsel offered in evidence certain transcripts from the register's office of the city of New-York, of sundry conveyances of real estate to the defendant, properly certified as transcripts. The defendant's counsel objected, but the objection was overruled, and the counsel excepted. The plaintiff having rested, the defendant's counsel moved for a nonsuit, on the ground that there was not sufficient evidence to support the allegation of a new promise to pay the plaintiff's alledged demand within six years before the commencement of this suit. And that if there was any evidence of a new promise, it was not of a new promise to pay the whole of the alledged original demand, but only to pay some part thereof, and therefore that such evidence varied from and did not support the promises alledged in the special counts of the declaration, and that the evidence did not establish against the defendant either an admission of present indebtedness or a willingness to pay the alledged demand, within six years next before the commencement of this suit; and that at most the evidence showed an offer by the defendant, to discharge a supposed moral duty, and that the plaintiff declined to accept such offer; which unaccepted offer did not bind the defendant, and did not entitle the plaintiff to recover. The judge overruled the motion for a nonsuit, and the defendant excepted. The defendant's counsel then called as a witness, Robert B. Folger, who testified, that he was in the store of the defendant, Sherman, in January, 1845, when the plaintiff, Wakeman, and the witness, Schenck, were there; no other persons were present except himself and the defendant. Wakeman commenced the conversation with Sherman before Schenck came in, and continued it after he went out. Schenck

conversed with no one but the witness whilst he was in the store. Whilst Schenck was conversing with him, witness heard some part of the conversation between Wakeman and Sherman. The conversation was continued after Schenck went out, and then witness heard all that passed. Both Wakeman and Sherman appeared to be excited; Sherman remarked that he did not consider himself indebted to Wakeman, a single dollar; that he was not under any pecuniary obligations to him whatever, and intimated that his discharge under the two-third act relieved him from any pecuniary liability. But he stated further, that he felt himself under a moral obligation to Wakeman, and that moral obligation he meant to discharge. That he would give him two notes, and showed a memorandum on a piece of paper, the amount the witness knew nothing about. He, Sherman, stated that he wished to give him, Wakeman, those notes, saying at the same time, that was not all he intended to give him. That these notes were so drawn in order that he could pay them without feeling them. That he intended to give others of the same kind, in future, until the amount was paid. That he did not wish him, Wakeman, to feel that it was all he intended to do for him, but wished him to call whenever he thought proper. Wakeman replied, that he did not want any notes; he wanted the money. The proposed arrangement was then altered, Sherman offering to pay him some money, and shorten the time of the notes. Wakeman refused, on the ground that he was not willing to give up the old notes in his possession until the whole amount was paid. Something was said about giving up the old notes; the reply Wakeman made, was, that he would not give up the notes in his possession for the notes Sherman offered. The whole negotiation was then brought to a close, Wakeman saying, that he must pursue other means of getting the amount that Sherman owed him. There was some further conversation; Wakeman said, that he had three witnesses to prove a promise to pay; he named one or two persons who would prove a promise to pay; and said that one of them had taken down a memorandum of a specific promise to pay. Wakeman was very much excited when he made these statements. Sherman replied that

he did not owe him a dollar. On his cross-examination, the witness further stated, that when Wakeman said that he could prove that Sherman had made specific promises to pay him, Sherman denied that he had made any promise to pay. Wakeman asserted that he had, and that he could prove it by three witnesses. Some angry remarks then passed on both sides, and the interview closed. The defendant's discharge was then proved, and read in evidence. After the counsel on both sides had summed up, the defendant's counsel requested the judge to charge the jury ; 1. That more than six years having elapsed since the maturity of the notes and before the commencement of the suit, the defendant was not liable, unless the plaintiff had proved an express and absolute promise to pay by the defendant. 2. That an offer to pay something, and which was not accepted, was not such a promise as would entitle the plaintiff to recover. 3. That the defendant having been discharged under the two-third act, was not liable, except upon an absolute and express promise to pay, made after obtaining his discharge. 4. That after such discharge a mere acknowledgment of the debt, and an offer to pay something, was not such a promise as would entitle the plaintiff to recover. 5. That after a discharge under the two-third act, no promise is binding or valid unless in writing. 6. That the promise proved was not the promise declared on, the promise declared on being a promise to pay the whole debt when able, the promise alledged to be proved, being a promise to pay something. The chief justice charged the jury, that the material questions were, whether any subsequent promise, either absolute or conditional, had been shown, and whether, if conditional, the conditions had been so fulfilled or satisfied as to render the engagement absolute. That a promise, to have the effect of reviving a debt barred by the statute of limitations, or an insolvent discharge, must be clearly proved, and must be a promise to pay the whole debt ; and, if it be conditional, to pay when able, present ability must be shown. That the recognition or acknowledgment of the debt as a subsisting debt, without an avowal of present liability and willingness to pay it, would not suffice, but that an explicit admission of it as a subsisting debt, and ex-

pressions of liability and willingness, and intention to pay it, importing or clearly implying an agreement to pay, would be sufficient, unless accompanied at the time by a claim of his discharge and a denial of the obligation to pay, or by circumstances repelling the presumption of an intention and agreement to pay the debt. That if the jury, applying these principles to the facts of the case, should be of opinion, upon the evidence, that the defendant within six years, and subsequently to his discharge, had made an unqualified promise to pay the entire debt, in express terms, or by fair and just implication from an explicit admission of it as a subsisting debt for which he acknowledged himself to be liable, and was willing and intended to pay, the plaintiff would be entitled to their verdict, unless they should find that the defendant at the time insisted upon the discharge, and denied his obligation to pay the debt, or his admission, or implied agreement was accompanied by circumstances repelling the presumption of an intent and promise to pay the debt. That if the jury should find that the promise proved by Tallmadge was a promise to pay Wakeman the debt of the defendant to him, and that it had been communicated to Wakeman, the plaintiff, and that it was the defendant's intention that it should be so communicated, it was available to the plaintiff. That it was not necessary to its validity that the promise should be in writing, but that if it was conditional to pay when able, the jury must be satisfied by the evidence, of the ability of the defendant, at the commencement of the suit, to pay the debt. That the matters in evidence tending to show the ability of the defendant to pay the debt, were before the jury, and that no evidence had been offered by the defendant to rebut or repel the proof, and that it was for the jury to say whether they were sufficient, under the circumstances of the case, to satisfy them of the fact of his ability at the commencement of the suit, to pay the debt. And the chief justice refused further to charge the jury. To each of the points of the charge, and also for refusing to charge as requested, the defendant's counsel excepted. The jury found a verdict for the plaintiff for $2118,46 damages. The exceptions were overruled, and the motion made by the defendant for

a new trial, was denied. To this decision the counsel for the defendant excepted.

*C. W. Sandford* and *C. O'Conor,* for the plaintiff in error.

*H. G. DeForest* and *D. Lord,* for the defendant in error.

*By the Court,* EDWARDS, J. The defenses which were set up in this case, were the statute of limitations, and an insolvent discharge. After the plaintiff below had closed his testimony, the defendant moved for a nonsuit. At this stage of the trial, it did not appear that there had been a discharge under the insolvent laws, and the only question was, whether there was sufficient to go to the jury upon the first plea. The rule which was laid down in *Bell* v. *Morrison,* (I *Peters,* 351,) and which was adopted in the case of *Purdy* v. *Austin,* (3 *Wend.* 187,) and which has since been followed in this case is, that, in order to prevent a statutory bar, there must be an admission of a previous subsisting debt, which the party is liable and willing to pay. The first question which arises is, whether there was sufficient testimony, under this rule, to authorize the judge who tried this cause, in refusing a nonsuit? One of the witnesses introduced on the part of the plaintiff below, amongst other things, testified, in substance, that the defendant told the plaintiff that he would give him two notes, one at six months, and one at twelve months. That he wanted the plaintiff to feel at liberty to call at any time—that he could call at any time, and expect something from him. The other witness testified that this was a debt which he intended paying, and would pay. That he felt in honor bound to pay this debt, and would pay it. That he felt under obligations to pay the plaintiff, on account of services which he had rendered him. In addition to this there was proof that the defendant was able to pay the debt claimed by the plaintiff. This portion of the testimony was somewhat, though, as we think, not materially qualified, by other portions which have not been stated. But taking the whole together, we do not consider it, to use the language of the decisions above cited, of that equivocal, vague, and indeterminate character, leading to no certain

conclusion, that ought not to go to the jury as evidence of a new promise. On the contrary, we think that the judge was right in denying a nonsuit.

The next questions which arise are, whether the judge charged the jury as requested by the defendant's counsel, and whether, if he did so, he was justified in so doing. The first request was, that he would charge that the defendant was not liable, unless the plaintiff had proved an express and absolute promise to pay the defendant. The judge charged that a promise, to have the effect of reviving a debt barred by the statute of limitations, or an insolvent's discharge, must be clearly proved, and must be a promise to pay the whole debt. This, we think, went as far as the request of the counsel, and as far as the law warrants. The next request was, that the judge would charge, that an offer to pay something, which is not accepted, is not such a promise as will entitle the plaintiff to recover. This proposition was substantially contained in the judge's charge, for he instructed the jury, that there must be a promise to pay the whole debt. The next request was the same as the first, with the addition, that the promise should be made after the discharge under the insolvent laws. This, we think, was also contained in the judge's charge, for he stated that if the jury should be of opinion, upon the evidence, that the defendant, subsequently to his discharge, had made an unqualified promise to pay the entire debt, &c., the plaintiff would be entitled to a verdict. The next request was, that the judge would charge the jury, that a mere acknowledgment of the debt, and an offer to pay something, was not such a promise as would entitle the plaintiff to recover. Upon this point the judge charged that there must be an unqualified promise to pay the entire debt, in express terms, or by fair and just implication from an explicit admission of it as a subsisting debt, for which he acknowledged himself liable, and was willing and intended to pay. We think that the judge's charge, in this respect, was a sufficient compliance with the request of the counsel. The last request was, that the judge would charge, that the promise proved was not the promise declared upon, the promise declared upon being to pay the whole debt, and the promise alledged to

Draper v. Jones.

be proved, being a promise to pay something. Upon this subject, the judge charged that the promise must be to pay the whole debt, which necessarily excluded the idea that a promise to pay something would be sufficient to sustain the declaration. As these are all the grounds insisted upon on the argument which properly arose upon the error book, we think that the judgment of the court below should be affirmed.

Judgment affirmed.

[New-York General Term, June 14, 1851. *Edmonds*, *Edwards* and *Mitchell*, Justices.]