By the Court, Welles, J.
The question put to the witness, Smith, on his cross-examination, “Was the defendant a candidate for alderman of the first ward at this time ?” was properly overruled. I can perceive no legitimate influence the fact sought to be proved could have had.
*22 I think, also, the justice fell into no error in declining to charge the jury as requested. The request embraced more than the defendant was entitled to. When a party relies upon an exception for refusing to charge as requested, the request must be perfectly proper as an entirety. If it embraces a single idea or view which ought not to be presented, it destroys the value of the exception, although a part of the legal proposition embraced, if detached and presented separately, might be entirely proper. For example, if the request' had been to charge that the jury must take all the prisoner’s declarations together, it would have been proper for the justice, so to charge, and he doubtless would have done so. But the request contained the further proposition that, when the declarations were so taken together, they showed (that is, proved) that the prisoner was unconscious when he struck the blow. It was asldng what it would have been clearly improper for the justice to charge. It, in effect, would have taken the whole question of the prisoner^ guilt from the jury; at least the question of what degree of manslaughter, if any, the prisoner was guilty. The hypothesis of the request, “that if the prosecution rely on the declarations of Holmes, the prisoner,” does not relieve the request of the objections. The prosecution undoubtedly relied upon those declarations, but" only in connection with other evidence. It nowhere appears that he relied upon them alone, disconnected with other evidence, to establish any proposition in the case.
I think the conviction should be affirmed, and the proceedings remitted to the Oyer and Terminer, to the end that judgment may be passed upon the defendant in that court- ' Proceedings affirmed.