ALEXANDER STUDWELL et al., Respondents, *v.* FRANKLIN SHAPTER, Appellant.

Fraudulent representations made by an infant, to induce another to enter into a contract with him, will not give it validity.

In an action to recover the contract price and value of *goods sold and delivered,* the complaint contained allegations of fraudulent representations on the part of defendant as to his responsibility, made to induce a credit; that plaintiffs sold on a credit, relying on such representations, which were false, etc. The defence was infancy. The court charged, in substance, that the fraud would make defendant liable notwithstanding his infancy. *Held* error, that the fraud did not charge defendant with a legal liability on the contracts of purchase, and as plaintiffs sought to enforce the contracts, not to recover damages resulting from the fraud, they were not entitled to recover.

(Argued March 21, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of the plaintiffs entered on a verdict.

The facts and nature of the action are sufficiently stated in the opinion of the chief commissioner.

*Albert Matthews* for the appellant. Defendant being an infant and this being an action on a contract to recover the contract price of the goods sold with interest, the complaint should have been dismissed. (*Cannam* v. *Farmer*, 3 Exch. [W. H. & G.], 698; *Brown* v. *McCune*, 5 Sandf., 224; *Burley* v. *Russell*, 10 N. H., 184; *Norris* v. *Vance*, 3 Rich. [S. C.], 164; *Merriam* v. *Cunningham*, 11 Cush., 40; *Bartlett* v. *Wells*, 1 B. & S. B. R., 836 [101 E. C. L. R.]; *De Roos* v. *Foster*, 12 C. B. [N. S.] 272 [104 E. C. L. R.]; *Grove* v. *Nevill*, 1 Keble's R., 778, 913, 914; *Johnson* v. *Pye*, id., 905, 913; 1 Siderfin's R., 258; 1 Levin's R., 169; *Furness* v. *Smith*, 1 Roll. Abr., 530; *Bristow* v. *Eastman*, 1 Esp., 172; Peake's Cases, 222; *Mills* v. *Graham*, 4 Bos. & Pul., 140; *Jennings* v. *Rundall*, 8 T. R., 235; *Green* v. *Greenbank*, 2 Marsh., 485; *Price* v. *Hewett*, 8 Exch. W., H. & G., 146; *Liverpool, etc., Ass'n* v. *Fairhurst*, 9 Exch., W., H. & G., 422; *Wright* v. *Leonard*, 11 C. B. [N. S.], 258; *De Roos* v. *Foster*, 12 id., 272; *Burnhard* v. *Haggis*, 14 id., 54; *Conroe* v. *Birdsall*, 1 J. Cas., 127; *Van Winkle* v. *Ketchum*, 3 Caine's R., 323; *Wailing* v. *Toll*, 9 J. R., 141; *Vass* v. *Smith*, 6 Cranch, 226; *Campbell* v. *Stokes*, 2 Wend., 137; *People* v. *Kendall*, 25 id., 399; *Brown* v. *Treat*, 1 Hill, 225; *Wallace* v. *Morse*, 5 id., 391.) Defendant cannot be held liable in an action in form *ex delicto*. (*Prescott* v. *Dudley*, 32 N. H., 101; 2 Kent. Com., 240; *Brown* v. *Treat*, 1 Hill, 225; *People* v. *Kendall*, 25 Wend., 399; *Jennings* v. *Rundall*, 8 T. R., 335; *Liverpool, etc., Assn.* v. *Fairhurst*, 9 Exch., 422; *Wright* v. *Leonard*, 11 C. B. [N. S.], 258; *Green* v. *Greenbank*, 2 Marsh, 485; *Burnhard* v. *Haggis*, 14 C. B. [N. S.], 54.) Plaintiffs are estopped from claiming to recover against defendant in this action for the alleged tort. (Code, § 227;

*Brown* v. *Treat,* 1 Hill, 225; *Decker* v. *Judson,* 16 N. Y., 446, 448; *French* v. *White,* 5 Duer, 254; *Lloyd* v. *Brewster,* 4 Paige, 537; *Morris* v. *Rexford,* 18 N. Y., 552; *People* v. *Kelly,* 1 Abb. Pr. [N. S.], 432; *Hinds* v. *Tweddle,* 7 How. Pr., 279; *Connaughty* v. *Nichols,* 3 Hand, 85, 87; *Austin, Recr.* v. *Rawdon,* 44 N. Y., 71; *Roth* v. *Palmer,* 27 Barb., 652; *Walker* v. *Millard,* 29 N. Y., 380; *Bronson* v. *Wiman,* 10 Barb., 430; 8 N. Y., 182; *Bigelow* v. *Dunn,* 53 Barb., 570; *Ford* v. *Ford,* id., 525; *Walter* v. *Bennett,* 16 N. Y., 253; *Ransom* v. *Wetmore,* 39 Barb., 104; *Whitcomb* v. *Hungerford,* 42 id., 185; *Woodruff* v. *Dickie,* 4 Rob., 619.) The maturity of the demands being admitted, the allegations of fraud were immaterial. (*Field* v. *Morse,* 8 How. Pr., 47; *Sellar* v. *Sage,* 12 id., 531.)

*A. H. Dailey* for the respondents. Defendant had gone to trial with the pleadings setting out fraud, and if a cause of action was made out, defendant was liable, although an infant. (*Eckerstein* v. *Frank,* 1 Daly, 334; *Blossom* v. *Barrett,* 37 N. Y.; *Campbell* v. *Wright,* 21 How., 9.) The court cannot be said to decline to charge what it not only charges, but in so doing goes beyond in defendant's favor. (*People* v. *Holmes,* 6 Park. Cr., 25; 11 Barb., 254; 23 How., 448.) Defendant is estopped from pleading infancy because of the fraud. (1 Daly, 334; *Carson* v. *Ball,* 47 Barb., 452; *Scott* v. *Simmons,* 34 How., 66; *Lauton* v. *Keil,* 51 Barb., 31; *Fitts* v. *Hall,* 9 N. H., 447, 448; 6 Bush. [Ky.], 473; *Kerr* v. *Bell,* 44 Mo., 120; *Burnard* v. *Haggis,* 14 C. B. [N. S.], 45; *Davidson* v. *Young,* 38 Ill., 145, 150, 152; 6 Jones, 353, 369, and cases cited.)

LOTT, Ch. C. This is an action for the recovery of the price and value of goods sold and delivered by the plaintiffs to the defendant.

There was no question made on the trial as to the fact of such sale and delivery; but it appeared that the defendant was at the time an infant, and on that ground his counsel

moved for a nonsuit, and also asked the court to instruct the jury that the plaintiffs could not recover. This was refused. The court conceded that the action was founded on contract, but based his refusal on the ground that the statements in reference to the contracts of sale were accompanied with allegations of fraud, inducing them to be made, which would make the defendant liable, notwithstanding he was an infant. I do not agree with him in this view of the case. It is true that it is alleged in the complaint that the defendant in making his purchases and in obtaining credit therefor, made representations to the plaintiffs as to his means of payment and the prosperous condition of the business in which he was engaged; and then it is averred that said representations were all made with intent to induce the plaintiffs to part with their goods and give the defendant credit therefor; and that they, relying upon such representations, parted with their goods and gave him credit therefor on the strength of such representations, which they charged to be false and untrue. Giving full effect to those allegations, they are insufficient to charge the defendant with a *legal liability* on the *contracts* which the plaintiffs were, by those representations, induced to enter into with him.

They do not seek in this action to recover damages resulting from such representations on the ground of their falsity, but to *enforce the agreements or contracts of purchase* made by the defendant from time to time. Indeed, they do not allege that the statements made by the defendant to them in relation to his means and business were so made with the intent to deceive or defraud them, nor with the intention at the time, of not paying for the goods that should be sold to them, but that what was stated was said with the object of inducing them to deal with him as a purchaser on credit. Is this different *in principle* from a representation that he was of full age? That, clearly, would not have made him liable. The fact that a party is actually engaged in commercial business, thus holding himself out to the public as com-

petent to contract, is as full and expressive a declaration to all persons with whom he is dealing that he is of age, as a statement of that fact is to a single individual. If, under such circumstances, an infant can be held liable on his contracts, he would be deprived of all the protection which the law intended to give him.

Some of the representations on which the plaintiffs rely to hold the defendant liable, appear to have been made with a knowledge on their part that he was an infant. If so, such knowledge would charge them with notice that they were dealing with a person who was under a legal disability to enter into a valid contract, and no inducement held out to them to make an agreement which he was disqualified from making, could give it validity.

Viewing this action as one founded on contract, and not based on fraud in disaffirmance of it, I am of opinion that the judgment appealed from should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.