WILLIAM HEATH AND CHARLES M. ELLIS, RESPONDENTS,
v. CORNELIUS A. MAHONEY, APPELLANT.

*Infant — liability of, for fraudulent representations — measure of damages.*

No fraudulent representations made by an infant can give validity to any contract entered into by him, which would otherwise be voidable by reason of his infancy. The action must arise solely upon the tort or wrong committed by him.

The measure of damages for fraudulent representations made by an infant defendant, cannot be established by evidence of any action taken by the plaintiff in pursuance of a contract, void by reason of the infancy of the defendant.

MOTION for a new trial, upon exceptions directed by the court to be heard in the first instance at the General Term.

*Townsend & Weed*, for the plaintiff. The fraud was the essence of the cause of action, and a failure to sustain the allegation of it by proof would have justified a nonsuit, even though a liability upon a contract had been established. (*Rose* v. *Mather*, 51 N. Y., 108 ; *Walter* v. *Bennett*, 16 id., 250 ; *Ely* v. *Munsford*, 47 Barb., 629 ; *Wardell* v. *Fosdick*, 13 Johns., 325 ; *Ward* v. *Wyman*, 17 Wend., 193.) The plea of infancy is no defense to an action based upon a fraud or any unlawful act. (*Wallace* v. *Morse*, 5 Hill, 391 ; *Conklin* v. *Thompson*, 29 Barb., 218 ; *Studwell* v. *Shapter*, 54 N. Y., 249).

*John H. Bird*, for the defendant. This is substantially an action on a contract made between plaintiffs and defendant, when defendant was an infant, which contract was afterward duly disaffirmed by him. The alleged false and fraudulent representations made by defendant to induce plaintiffs to enter into the contract, did not change the cause of action into a tort. The plaintiff's damages resulted, not from the alleged false and fraudulent representations of defendant, but, from his failure to perform the contract on his part. "A matter arising *ex contractu*, though infected with fraud, cannot be changed into a tort, in order to charge the infant in trover or case, by a change in the form of the action." (Tyler on Infancy and Coverture, 176 ; *Jennings* v. *Rundell*, 8 Term R., 337 ; *West* v. *Moore*, 14 Vt. R., 447 ; *Merrill* v. *Aden*, 19 id.,

505; *People* v. *Kendall*, 25 Wend., 399; *Brown* v. *Durham*, 1 Root's R., 273; Bingham on Infancy and Coverture, 111; *Bernard* v. *Haggis*, 14 C. B. [N. S.], 45; *Green* v. *Greenbank*, 2 Marsh., 485; *Campbell* v. *Perkins*, 8 N. Y., 430.)

DAVIS, P. J.:

The complaint in this action charges the defendant with fraud, in inducing the plaintiffs, who are stock brokers, to purchase and carry for him 100 shares of stock, upon a margin of $500 in cash and two United States bonds of $500 each.

It is alleged that to induce the plaintiffs to receive the bonds, and purchase and carry the stock, the defendant represented that although the bonds were registered in the name of his mother, they in point of fact belonged to him; that relying upon such representation the plaintiffs did purchase the stock at ninety-one and seven-eighths, and carried the same for a month, when the price had fallen to seventy-six and three-eighths, at which time they sold the same, by authority of the defendant, suffering a loss of $1,127.50.

The defense was a general denial of the alleged frauds; the infancy of the defendant, and a counter-claim set up by him to recover the $500 deposited with the plaintiffs.

On the trial the plaintiffs gave evidence tending to show that the defendant applied to them to purchase the stock offering the margin above stated; that the bonds were registered in the name of his mother, Hannah Mahoney; that he represented that although in her name they belonged to him; that the plaintiffs accepted them and consented to make the purchase desired by defendant; that defendant entered into an agreement, which is set forth in the case, in respect to the sale of the stock without notice, in case of his failure to keep his margin good. It is also shown that the stocks were sold, under and pursuant to the agreement so signed by the defendant, at the rate of seventy-six and three-eighths. It is also shown that upon notice of the sale the defendant alleged that he was a minor; that the bonds belonged to his mother, and that she subsequently recovered them from the plaintiffs by action.

The infancy of the defendant was established on his part; and he also gave evidence tending to show that the alleged fraudulent representations were not made.

The jury, under the charge of the court, found for the plaintiffs a verdict of $1,600 and interest.

It is very clear that the agreement entered into between the parties was invalid, by reason of the infancy of the defendant. An infant is, however, liable for his willful torts, and for damages for frauds committed by him; but no fraudulent representation made by an infant can give validity to any contract entered into by him which would otherwise be voidable for his infancy. (*Studwell* v. *Shapter*, 54 N. Y., 249, and cases there cited.) The action must, in all cases, arise solely upon the tort or wrong committed by him. Assuming that in this case the frauds alleged in the complaint, and which are the gist of the action, were sufficiently proved to entitle the plaintiffs to recover their damages, yet it was clearly not competent for them to establish the measure of their damages, or any part thereof, through the contract made by the defendant. The only evidence of damages given in the case was of that character. The plaintiffs produced, and read in evidence the agreement made and signed by the defendant at the time of leaving the deposits, by which he stipulated, among other things, that if he should become indebted to them at any time for any deficiency arising out of contracts or transactions in or relating to stocks, the plaintiffs might, in their discretion, sell either at the broker's board, or wherever they deemed advisable, at public auction or private sale, with or without advertising the sale, and with or without notice to him, the collateral securities held by them. It was under this contract that the plaintiffs claimed authority from the defendant to make the sale, and the only damages shown in the action were a deficiency arising upon such a sale.

The defendant being an infant, this agreement was invalid and conferred no authority, and the plaintiffs could make no sale under its provisions, nor establish any claim for a deficiency by reason of its provisions.

At the close of the plaintiffs' evidence the defendant moved for a nonsuit, and amongst other grounds stated the following: That the damages which plaintiffs were seeking to recover from the defendant had resulted, not from his alleged false representations, but from his failure to perform his contract with the plaintiffs, which he was not bound to perform. This motion was denied

by the court, and the defendant duly excepted. At the close of the case the defendant renewed the motion, upon the same grounds. The motion was not granted, and the court charged the jury that if the plaintiffs had established the alleged fraudulent representations to their satisfaction, and that in consequence of believing these representations which were fraudulent the purchase was made, the plaintiffs, as matter of law, were entitled to the damage which they had sustained, which was the difference between the price at which they bought the stocks and the price at which they were obliged to sell, $1,600 and interest. The counsel for the defendant requested the court to charge the jury, that " unless the jury can connect the loss with the alleged fraudulent representations, without the aid of the contract, the plaintiffs are not entitled to recover." The court refused so to charge, and to such refusal the defendant duly excepted.

We think the question was fairly raised, whether the plaintiffs could establish the measure of damages through any action taken by them in enforcing the contract signed by defendant, and that the direction of the judge — which was, in substance, that this could be done — was a fatal error. The plaintiffs were allowed to use the infant's contract, not merely for the purpose of showing what they had been induced to do by the false representations of the defendant, but also for the purpose of establishing their damages, by showing that they made the sale pursuant to authority given by the defendant in his contract, and in that manner were allowed to set up a measure of damages beyond what they were legally, under any circumstances, entitled to recover, treating this action as purely one for fraud. And the result is, that they have been allowed to recover the whole difference between the price paid and the price at which the stock was sold, without deducting or allowing the $500 of cash deposited; and it is fair to presume that the sum recovered also includes their brokers' commission for buying and selling.

The true measure of damages, if there can be any recovery in the action, is the loss sustained by means of the fraudulent representations. The false representations, assuming them to be proved, induced the plaintiffs to receive the two United States bonds for $500 each, as collateral security. By reason of the representations

proving to be false, the plaintiffs have lost the bonds. Restoring to them the bonds or their value would make good such loss. If the representations of the defendant as to the ownership of the bonds had been true — infancy being out of the question — the plaintiffs would have been able to have applied them or their value upon the deficiency accruing upon any lawful sale; and the amount which in such a case they could have so applied, seems to us to be the extent of damages which they have sustained, by reason of the alleged fraud.

The only representation alleged by the complaint to be false and fraudulent, and therein set forth as the inducement which led to the purchase of the stock, is that relating to the ownership of the bonds. And it follows, if we are correct in the views above expressed, that the recovery is much beyond any proper measure of damages in the case, and cannot be upheld, for two reasons: First, that no recovery can be worked out through an enforcement of the contract made by the defendant, or any part of it, because it is invalid for any and every purpose; and, second, that the recovery exceeds any damage which can be said to be the direct legal consequences of the alleged fraud.

Without passing more directly upon the question whether the action can be maintained at all, we think there must be a new trial for the reasons assigned.

New trial ordered, costs to abide event.

Brady and Daniels, JJ., concurred.

Motion granted and new trial ordered, costs to abide event.