VINCENT M. ALLEN, Appellant, v. EDWARD C. LARDNER and Others, Respondents.

78 603
23ap364
25ap392
78h 603
66 AD¹574

*Infant — necessaries for which he must pay — when he may disaffirm a bond and mortgage — when restoration by him is unnecessary.*

The necessaries which an infant may be compelled to pay for, if he has agreed to do so, are supplies, which are personal, either for the body, as food, clothing or lodging, or those necessary for the proper cultivation of the mind, as suitable instruction, etc.

A house was built by contractors upon land owned by an infant, pursuant to a contract made with the infant, who furnished a portion of the materials, and did some of the work upon the building. The infant executed a bond and mortgage covering such land to the contractors to secure the cost of the erec-

tion of such house, and thereafter, when he became of age, disaffirmed the said bond and mortgage upon the ground of infancy.

*Held,* that the bond and mortgage could be avoided on the plea of infancy ;

That upon disaffirming the bond and mortgage no restoration by the infant was necessary.

APPEAL by the plaintiff, Vincent M. Allen, from a judgment of the County Court of Niagara county in favor of the defendants, entered in the office of the clerk of the county of Niagara on the 25th day of November, 1893, upon the decision of the court dismissing the plaintiff's complaint.

*Charles M. Southworth,* for the appellant.

*Washington H. Ransom,* for the respondents.

LEWIS, J. :

This action was brought to foreclose a mortgage upon real estate in the county of Niagara, and was tried before the county judge, and he found as facts that the defendant Edward C. Lardner was the owner of a lot in the city of Lockport ; that he was engaged to be married to the defendant Ida M., and, in contemplation of such marriage, and for a home for his wife and himself after such marriage, he entered into a contract with James A. Williams and John C. Fogle to build a house on said lot for the consideration of $887 ; that the contractors built such house, and completed the same about April 13, 1891 ; that a part of the labor and materials for the construction of the house were furnished by Edward C. Lardner. The house was worth the contract price, and was a suitable one for the home of the defendants. The bond and mortgage in suit were given by Lardner and wife to the contractors to secure them for the building of the house. The defendants Lardner were married December 7, 1891, and moved into and occupied the house from the time of its completion until the month of April, 1893, when they moved out of the house and leased the same to another occupant. The bond and mortgage were duly assigned to the plaintiff January 4, 1892. No part of the debt has been paid except fifty dollars. The defendants were infants at the time of the making of the contract and of the execution and delivery of the mortgage. The defendant Ida became twenty-one years of age April 28, 1892, and Edward became twenty-

one years of age November eighth of the same year. The contractors did not know that the defendants were minors at the time they executed the bond and mortgage. The contractors guaranteed the payment of the bond and mortage when they assigned it. Neither of the defendants in any way ratified the bond and mortgage after they arrived at the age of twenty-one years. The mortgage was given solely to secure the debt of Edward; no part thereof was for any indebtedness of Ida. Edward, after becoming of full age, and immediately after demand was made upon him for payment of said bond and mortgage, disaffirmed the same, upon the ground of his infancy when the same was given.

The court found as conclusion of law that the defendants were not liable upon the bond and mortgage; that they had sufficiently disaffirmed the same, and dismissed the complaint.

The findings of facts are sustained by the evidence. It cannot be successfully maintained that the house was a necessary for the infant. We are not aware of any decision giving so broad a construction to the word " necessaries." They refer to supplies, which are personal, either for the body as food, clothing, lodging, or those necessary for the proper cultivation of the mind, as suitable instruction, etc. (*Tupper* v. *Cadwell*, 12 Metc. 559 ; *Freeman* v. *Bridger*, 4 Jones L. [N. C.] 1; *McCarty* v. *Carter*, 49 Ill. 53; *West* v. *Greggs' Admrs.*, 1 Grant [Penn.], 53 ; *Hassard* v. *Rowe*, 11 Barb. 22 ; *Putnam* v. *Ritchie*, 6 Paige, 390.)

To hold that a dwelling house comes within the definition of necessaries would make an infant liable for the purchase price of any property necessary for the cultivation of his land, or for the carrying on of any business in which he might be engaged.

It is the contention of the appellant that the defendants, in order to avail themselves of the plea of infancy, should have restored the consideration. The house was built upon a lot belonging to the defendant Edward, and a portion of the materials and some of the work upon the building were furnished by him. Manifestly he could not restore the house without surrendering the possession of the land upon which it stood, and also the materials furnished by him and the labor he had bestowed upon the house, which would have amounted to his surrendering that which he did not receive from the contractors. Such a rule, instead of protecting the acts of

infants, would work to their disadvantage, and would extend their liability beyond that which would be required of them if they were adults. (See *Hassard* v. *Rowe* and *Putnam* v. *Ritchie*, *supra*.) We find no reason for disturbing the judgment. It should be affirmed, without costs of the appeal.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment of the County Court of Niagara county appealed from, affirmed, without costs of this appeal to either party.