(20 Misc. Rep. 242.)

### NEW YORK BUILDING LOAN BANKING CO. v. FISHER et al.

(Supreme Court, Special Term, New York County.   May, 1897.)

INFANCY—ESTOPPEL TO ASSERT.

> An infant cannot be estopped to assert the defense of infancy in an action on a contract, though the facts relied on as an estoppel may constitute a cause of action against him for tort.

Action by the New York Building Loan Banking Company against John H. Fisher, Jr., and others, to foreclose a mortgage.   Complaint dismissed.

Booraem, Hamilton, Beckett & Ransom (William H. Hamilton, of counsel), for plaintiff.

Andrew Blake, for defendants.

RUSSELL, J.   It is without success that I have endeavored to find some way of affording relief to the plaintiff in the form of action in which this trial was had.   The action is to foreclose a real-estate mortgage.   The defense is infancy.   The reply to that defense is fraud and estoppel.

The defendant John H. Fisher, Jr., while an infant, obtained the title to 12 lots at City Island, through the payment of the consideration price by his father and mother, except as to $1,550, for which a purchase-money mortgage was given.   He arranged to build an hotel on the lots purchased, and consummated that purpose by business transactions with the plaintiff, by becoming a member of the plaintiff corporation and agreeing to pay $38.95 per month as dues on

155 $^8/_{10}$ class A shares of the capital stock of plaintiff, and interest at the rate of 6 per cent., payable monthly, amounting to $77.90 per month, making altogether $116.85 per month, no part of which has been paid.    To secure this sum he executed a mortgage, during the transaction, upon the lots so owned by him, it being the understanding that the payment of the monthly dues and interest till the maturity of the shares would pay the sums advanced by the plaintiff and others through its agency, and also the purchase-money loan of $1,550. The various sums were advanced to him upon the belief that he was sui juris, which belief was not only passively but actively confirmed, by him and his father, by oral statements to the persons advancing the moneys.    He paid none of the installments for membership dues or interest, and hence those shares are of no value to himself or to the plaintiff, and, therefore, this foreclosure action was begun, the building having been erected through moneys furnished by the plaintiff and those acting in co-operation with it.    The mortgagor, John H. Fisher, Jr., defends the action on the ground of infancy, and, as he is not yet 21 years of age, there has been no ratification of the mortgage or subscription to the capital stock by acquiescence or affirmance after the infant reached the age of 21 years.

The doctrine of estoppel generally applies to cases where it would be a fraud and irremediable wrong to allow the guilty party the benefit of the actual facts.    It may prevent the assertion of constitutional rights.    It may silence a party from a statutory defense of usury, which would otherwise make the contract void.    But the defense of infancy is founded on grave reasons of public policy, for the protection of the infant, which eliminates that defense from the doctrine of estoppel in case of an attempt to enforce his contract, although it does not prevent an action against him for tort in consequence of that very fraud.    He is sheltered by the policy of the law, which pronounces him alike incapable of making a binding contract which he cannot avoid while still an infant, and of supplying the essential element necessary to make it binding by his own conduct or representations.    He is not supposed to have the requisite judgment and discretion to understand the consequences of his own act, so as to make him competent to contract, or sui juris, either by agreement or by any statement fortifying that agreement, although as a citizen he is still liable for a tort if his intelligence in fact is sufficient to bring his acts within the scope of a legal wrong.    2 Kent, Comm. 241; Beardsley v. Hotchkiss, 96 N. Y. 201.    He may disaffirm a conveyance of real estate, although he has received and spent the whole consideration.    Green v. Green, 69 N. Y. 553.    Fraudulent representations to induce another to enter into a contract with him do not give it validity.    Studwell v. Shapter, 54 N. Y. 249.    He need not return the money given to him to repudiate the mortgages executed by him.    Kane v. Kane, 13 App. Div. 544, 43 N. Y. Supp. 662.

The present case illustrates quite well the reason of the rule.    The plaintiff's counsel claims that this infant acted as a dummy to hold real estate for his father, which that father could not own by reason of his debts, and to obtain the money for the improvement of the

land; and there is some evidence to support this claim. It is apparent, so far as the personality of the infant is shown by the evidence, that he acted precisely as others told him to act; but I do not see how that submission and willingness to let the minds of others govern his own action for good or bad purposes can render valid a contract which the law says he may avoid. This action is predicated upon the contract of mortgage, and judgment can go for the plaintiff only to enforce that mortgage. Whatever the rights of the plaintiff or of the others who have advanced money, in pursuance of the general arrangement with the plaintiff and with the infant, may be in an action against the son and the father and the mother for a wrong by which the plaintiff and those others have suffered, relief cannot be given through the form of the enforcement of a contract which is voidable at the election of the infant, and cannot yet be ratified. Aside from these considerations, by the general act in relation to banking corporations, and providing for the formation, management, and supervision of co-operative savings and loan associations, membership requires the qualification of full age and sound mind. Laws 1894, c. 705, § 187.

Judgment is directed dismissing the complaint, without costs, and without prejudice to the rights of the plaintiff in any other form of action. Ordered accordingly.