NEW YORK BUILDING, LOAN & BANKING CO. v. FISHER et al.

.Supreme Court, Appellate Division, First Department.   December 10, 1897.)

1. MORTGAGE BY INFANT—VALIDITY.
   The fact that the money secured by an infant's mortgage was used to erect a building on the premises does not render the mortgage valid.

2. SAME—RESTITUTION.
   The fact that the mortgagee expended the money for the benefit of an infant's real estate, including filling in of sunken lots, payments for insurance, and interest on other mortgages, does not require restitution by the infant.

3. INFANTS—MISREPRESENTATIONS AS TO AGE.
   A fraudulent representation made by an infant, in relation to his age, to induce another person to enter into a contract with him, does not give validity to the contract itself, and cannot be made the basis of any other action than one on the case for deceit.

Appeal from special term.

Action by the New York Building, Loan & Banking Company against John H. Fisher, Jr., and others. From a judgment of dismissal of the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William H. Hamilton, for appellant.
Andrew Blake, for respondent.

PATTERSON, J.   This is an action for the foreclosure of a mortgage. All the allegations of the complaint are appropriate to such an action only. The defendant John H. Fisher, Jr., was the mortgagor. He interposed the defense of infancy, and that defense was fully proven. The mortgage and the bond to which it was collateral were therefore voidable, at the election of the mortgagor,

who disaffirmed them by interposing the defense mentioned. The mortgage was given to raise money to enable the infant to construct a building upon his land, but that fact does not aid the plaintiff. In Allen v. Lardner, 78 Hun, 603, 29 N. Y. Supp. 213, it was so decided. In that case, as in this, a mortgage was given by an infant as security for money borrowed, and which was used in the erection of a dwelling house on the minor's land. It was held that the mortgage was void on the ground of the infancy of the mortgagor. The general rule is not controverted by the plaintiff, the appellant here; but it is, in effect, claimed that by reason of fraud and misrepresentation on the part of the infant and his father, in the procurement of moneys and obligations from the plaintiff which constitute the consideration for the mortgage sought to be foreclosed, the court should ignore the defense of infancy, and recognize and enforce the mortgage, or declare a lien in favor of the plaintiff on the premises at least to the extent of advances made by the plaintiff in good faith and in ignorance of the disability of the mortgagor. That there was fraud and deception in the dealings between the parties out of which this mortgage security arose seems to be established; but that does not furnish a reason for the judicial establishment of the validity of the mortgage, in whole or in part. That either the infant or his father represented at that time the mortgage was made, or prior thereto, that such infant was of full age, does not affect this case. The infant is not estopped from insisting upon his defense, even though he himself falsely stated that he was over 21 years of age. In Studwell v. Shapter, 54 N. Y. 249, the court considered the effect of false representations by an infant as to his age, and remarked that such representations would not make the infant liable on his contract; and in Heath v. Mahoney, 7 Hun, 100, the court says:

"It is very clear that the agreement entered into between the parties was invalid, by reason of the infancy of the defendant. An infant is, however, liable for his willful torts and for damages for frauds committed by him; but no fraudulent representation made by an infant can give validity to any contract entered into by him which would otherwise be voidable for his infancy. Studwell v. Shapter, 54 N. Y. 249, and cases there cited. The action must, in all cases, arise solely upon the tort or wrong committed by him."

In Kobbe v. Price, 14 Hun, 55, the court refers to the case of Studwell v. Shapter, and states that in that case "it was held that fraudulent representations made by an infant to induce another person to enter into a contract with him would not give validity to the contract itself. In that case, as in this, the action was brought upon the contract itself, and not for any fraud perpetrated by means of alleged false representations. The evidence tended to show false representations, but the court held they were insufficient to charge the defendant with legal liability on the contracts which the plaintiffs were by those representations induced to enter into with the infant." The language last quoted is directly applicable to the case at bar. The text writers announce the same rule. Tyler, Inf. pp. 53, 57, where numerous authorities sustaining the proposition are cited. Apart, therefore, from the consideration that under

this complaint, as it is framed, there are no allegations to support an award of any other relief than that strictly applicable to the foreclosure of a valid mortgage, it seems to be settled that the fraudulent representations of the minor in relation to his age would not be the basis of any other action than one upon the case for deceit.

It is also claimed that the infant should not be allowed to repudiate his contract without making restitution of that which he has received under it. It is true that courts of equity have gone to a considerable extent in the direction of compelling minors who seek to avoid their contracts on the ground of infancy to make restitution of what they have received from those who were in ignorance of the disability at the time the contract was made, but in every one of those cases it was made to appear that the infant still retained in his possession or under his control that which he had received or some part of it. If he has disposed of, spent, or even squandered the money or other consideration received, his right to disaffirm is not limited or affected. Kane v. Kane. 13 App. Div. 544, 43 N. Y. Supp. 662; Green v. Green, 69 N. Y. 553. But it is to be observed in this case that no part of the consideration for this mortgage was paid to the infant himself, although moneys were expended for the benefit of his real estate upon which the mortgage was given. The sum of $1,422.19 was disbursed by the plaintiff on account of the land. That sum consisted of an advance of $1,000 for the purpose of filling in sunken lots, $150.52 paid for fire insurance premium, and two other items paid for interest on two other mortgages on those lots; but none of this money ever was paid to the infant. There is no way by which those advances can be returned to the plaintiff through a foreclosure of the void mortgage. A similar question was presented in Allen v. Lardner, supra, and it was there held that, upon disaffirming the bond and mortgage in that case, no restitution by the infant was necessary of the moneys advanced on the mortgage, and which had gone into the improvement of the property covered by that mortgage.

The judgment of the court below was right, and must be affirmed, with costs. All concur.