By the Court.
Sandford, J.
The plaintiffs excepted to the decision of the judge, at the trial, on two grounds :
1. Because he held that the defendant's false representation, as to his age, was not conclusive upon him by way of estoppel; and,
2.. Because that fact was not received as evidence of fraud.
There was a further offer to prove that the defendant purchased the goods fraudulently, with an intention of not paying for them, which was, undoubtedly, founded upon the same misrepresentations.
1. In respect of the estoppel. We are not aware that any case has gone the length of holding a party estopped, by any thing he has said or done while he was under age ; and we think it would be repugnant to the principle, upon which the law protects infants from civil liabilities, in general. It is true, that courts of equity have sometimes refused relief, on the ground of fraud or suppression of the parties seeking it, while they were minors ; and we do not deem it necessary to dissent from those decisions. At the same time, we are clear that the doctrine of estoppel is inapplicable to infants. In nearly every ease where litigation has ensued, in consequence of the contracts of infants, such contracts have been made, either on the express statement, or the tacit assumption, that such infants were of full age ; and in the latter instance, the suppression of the truth is as base, as the falsehood, in the former. Yet there is no case to be found in which it has been held, that the infant, on such a statement or assumption, was bound by his contract. If he were thereby estopped from denying his majority, the contract would, of course, be adjudged valid and obligatory upon him.
A contrary doctrine would overturn the whole law relative *229 to the contracts of infants. From, holding that an infant was estopped by a falsehood as to his age, the next step would be to hold him estopped by a suppression of the fact that he was under age, when he was silent on that point, while he knew that the party with whom he was contracting supposed him to be of age. There is no difference in principle between the direct, and the inferential falsehood; the one is as fraudulent, as the other. Then, if we hold that an infant, buying merchandise on his statement that he is twenty-one years of age, is bound by his own contract, we must next hold that an infant executing a deed or mortgage of his real estate, is bound by it, because the act assumed that he was legally capable of executing such an instrument, and he omitted to inform the grantee, that his age incapacitated him from so doing.
*228 Note.—Infants not bound by any forfeiture, even in obligation for necessaries. Ch. Litt. 172; and Tindal, Ch. J., in Cooper; Overton in Bing. 252. See 4 Sand. Ch. R. 37, 43.
*229 We think, that the judge was right in holding that the defendant was not estopped, by his statement as to his age.
2. In the next place, ought the judge to have received that fact as evidence of fraud in obtaining the goods ?
The first objection to this is found in the circumstance- that the plaintiffs did not bring their action for damages by reason of fraud. The complaint is simply for goods sold and delivered. .The reply, it is true, alleges the false representation as to the defendant’s age, and that by that, and other fraudulent pretences, he obtained the goods. But that does not obviate the objection. It is in the complaint, and not in the reply, that we are to look for the cause of action. If the plaintiffs had intended to change their ground of action from a demand upon contract, to one for a fraud, they should have amended their complaint. The statement of the fraud for the first time in the reply, did not avail to make it a cause of action. This objection is fatal to the offer to prove the purchase with the fraudulent intent of not paying for the goods, as well as to the rejection of the false-representation as warranting of itself a recovery.
The application to amend was addressed to the discretion of the judge, and his denial of the motion is not the subject of an exception.
If, however, the complaint had been amended, so as to make it a claim for damages by reason of the false representation as- *230 to the defendant’s age, on the score of fraud, it would not have enabled the plaintiffs to recover.
We believe the law remains as it was laid down in Johnson v. Pie, 1 Kel. 905 and 913 (S. C. on its first argument in 1 Lev. 169), which was an action on the case for a fraudulent representation, by the defendant, that he was of full age, whereby he induced the plaintiff to lend him money on a mortgage, when, in fact, he was only twenty years and six months old, and he afterwards avoided the mortgage for infancy. After a verdict for the plaintiff, judgment was arrested, on the ground, that the action could not be maintained for such a false statement, made by an infant. It is stated in that case that the same point was held the previous term, in the case of Grove v. Nevil.
These decisions have remained the law in Ehgland to the present day (Macpherson on Inf. 482), and we are disposed to acquiesce in them, as well adapted to maintain the protection, which the common law has thrown around infants.
The judgment at the special term must be affirmed.