HENRY ECKSTEIN *v.* HERMAN FRANK, *by* JOSEPH FRANK, *his guardian*, &c.

A minor who obtains property upon representations that he is of full age, is liable in an action of tort, either to recover the property back, or to recover damages upon the ground that it was wrongfully obtained.

APPEAL by the defendant from the judgment of a District Court. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The demurrer was overruled, and judgment rendered for the plaintiff on the trial.

*A. J. Dittenhoefer*, for appellant.

I. The representations of the defendant, set forth in the complaint, to wit, "that he was over the age of twenty-one

years, and capable of contracting a legal liability," were not proven on the trial, and the Justice erred in admitting in evidence and rendering judgment on any other representations. The representations, as alleged, must always, in actions of this nature, be strictly proved.

II. The defendant, being an infant, was not liable at all. (1) No action, as for a deceit, can be maintained against an infant, even when he has attained his age, grounded upon a false representation of his age. He is not estopped from pleading his infancy by any declarations as to his age made by him at the time of the contract. The doctrine of estoppel has no application to infants. (*Brown* v. *McCune*, 5 Sandf. R., 224; *The People* v. *Kendall*, 25 Wend., 399.) (2.) In the case of Brown and McCune, cited above, the action was on CONTRACT, and the plaintiff moved to amend the complaint, so as to make it a claim for *damages by reason of the false representations as to the defendant's age.* The motion was denied. In a very recent case in England (*De Roo* v. *Foster*, Com. Pleas) it was held that "a replication on equitable grounds to a plea of infancy, that the defendant *fraudulently contracted the debt* by means *of a false and fraudulent representation that he was of full age*, is bad on the ground of departure, and disclosing no answer in equity."

III. The judgment is erroneous on the ground, that, as the substantial cause of action in this case rests on promises, the plaintiff cannot, by changing the form of action, make the defendant, an infant, liable, who would not have been liable on the promise. (*Green* v. *Greenbank*, 2 Marshall, 485; 4 Eng. Com. Law R., 375; *Campbell* v. *Perkins*, 8 N. Y., 430.)

BY THE COURT.—DALY, F. J.—The doctrine of *Johnson* v. *Pie* (1 Lev., 169; 1 Keb., 905, 913,) though recognized in a comparatively recent English case (*Price* v. *Hewitt*, 8 Wels., Hurl. & Gor., 146,) and though believed to be the law by Justice Sandford in *Brown* v. *McCune* (5 Sandf., 224,) had been eight years before distinctly repudiated by the Supreme Court of this State, upon full consideration, in *Wallace* v. *Morse*, (5 Hill, 392,) and it has also been considered and repudiated in a great number of cases in other States (*Fitz* v. *Hall*, 9 New Hamp., 441; *Badger* v. *Phinney*, 15 Mass., 359; *Homer* v.

---

---

*Thwing*, 3 Pick., 492; *Rice* v. *Clark*, 8 Verm., 109; *Green* v. *Sperry*, 16 id., 393; *Town* v. *Wile*, 23 id., 361; *Vosse* v. *Smith*, 6 Cranch, 226; *Burley* v. *Russell*, 10 New Hamp., 184; *Kilgrove* v. *Jordan*, 17 Texas, 349; *Norris* v. *Vance*, 3 Rich., 164; *Pergin* v. *Sutchliffe*, 4 McCord, 387; *Jervis* v. *Little-field*, 15 Maine, 233 *Ward* v. *Vance*, 1 Nott & McCord, 1, 7.)

It is therefore to be regarded as overruled in this country by an overwhelming weight of authority.

The Justice has found that the defendant, before the contract was entered into, represented himself to be twenty-two years of age, he then being a minor. When an infant obtains property by falsely representing himself to be of full age, an action of tort may be maintained against him, either to recover it back or to recover damages, upon the ground that he obtained the possession of it wrongfully. It has long been the rule in courts of equity, that an infant will be held liable where he obtains property by a false representation respecting his age. "If an infant is old and cunning enough," says Lord Chancellor Cowper, "to contrive and carry out a fraud, he ought to make satisfaction for it." (2 Eq. Ca. Ab., 515,) and the good sense and justice of requiring him to do so has been held in the numerous cases cited to be as applicable in a court of law as in a court of equity.

The judgment should be affirmed.