Schunemann agt. Paradise.

# SUPREME COURT.

FRANK C. SCHUNEMANN agt. JOHN PARADISE *et al.*

A person duly arrested for fraud or trover cannot be discharged from arrest on the ground that he is an *infant.* (*The case of Brown* agt. *McCune,* 5 *Sand.,* 224, *has never been followed in this court.*)

*New York Special Term, September,* 1873.

INGRAHAM, *P. J.*—The defendant, Julius Paradise, has been arrested in this action and moves to be discharged.

There can be no doubt as to the sufficiency of the affidavits to warrant the arrest of the defendants charged with the fraud. The complaint charges a conspiracy to obtain the defendants' property by fraud, and success in obtaining it.

The discharge of this defendant is urged on the ground of infancy, and the counsel relies on the case of *Brown* agt. *McCune* (5 *Sandf.,* 224), which held that an infant could not be held to bail in an action for deceit in representing himself as of age. That case has not been followed in this court. In *Wallace* agt. *Morse* (5 *Hill,* 392), the contrary was held and it has uniformly been held since in this court that an infant was liable for fraud and for trover. In *Eckstein* v. *Frank* (1 *Daly,* 334), a similar view of the law was adopted in the common pleas, and DALY, P. J., says in reference to the case in 5 *Sandford,* that it has been considered and repudiated in this state and in a great number of cases in other cases, which are cited by him.

It is urged that the defendant is exposed to great hardship from being arrested, but that should have been considered before engaging in the fraud. It would be equally hard to be proceded against criminally for the same offense.

The motion must be denied with ten dollars costs.