ELIJAH M. HEWITT, PLAINTIFF, *v.* WILLARD D. WARREN, DEFENDANT.

*Fraudulent representation — liability of infant for — the action must be purely for tort.*

This action was brought to recover damages for false and fraudulent representations made by the defendant upon the sale of a horse. The complaint alleged that the false and fraudulent representations were made in a warranty contained in the contract of sale, with intent to deceive and defraud the plaintiff. The defense was infancy. *Held,* that as the plaintiff had not disaffirmed the contract, or returned or offered to return the horse, that he was not entitled to recover.

The proper remedy in such a case would be to return or to offer to return the horse, and thus put the infant in the position of a mere wrong-doer, unjustly keeping what he had fraudulently obtained.

Where the substantive ground of the action is contract, as well as where the contract is stated as inducement to an alleged tort, infancy is a defense.

. MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

The action was brought to recover damages for the breach of a warranty upon the sale of a horse, the warranty being alleged to have been false and fraudulent. The complaint stated, among other things: "And plaintiff further alleges that before he so purchased said mare, and during the negotiations for such sale and purchase, said defendant falsely and fraudulently, and with the intention to cheat, deceive and defraud this plaintiff, warranted and represented to said plaintiff that said mare was all right, in every way, both in single and double; whereas, in truth and in fact, said mare was vicious, ugly and balky, and was worth $150 less by reason thereof; and plaintiff further says that the aforesaid representations so made by defendant were wholly false and untrue, and were well known so to be by defendant at the time of making the same.

"And plaintiff further says that he purchased said mare relying upon said representations and believing them to be true; that by reason of said false and fraudulent representations this plaintiff became and was and is damaged in the sum of $150."

The defense was infancy and a denial of the allegations of the complaint except as to the fact of sale.

*M. J. Sunderlin,* for the plaintiff. The action is not to enforce a fraudulent warranty or contract of warranty. The contract has been fully performed, and this action is to recover damages resulting from the false and fraudulent representations made by the defendant to induce the plaintiff to make the contract. The defendant being an infant is liable for his tortious and fraudulent acts as much as though he were an adult. (*Conklin* v. *Thompson,* 29 Barb., 218; *Robbins* v. *Mount,* 33 How., 24; *Eckstein* v. *Frank,* 1 Daly, 334; *Wallace & Christopher* v. *Morss,* 5 Hill, 391; *Bullock* v. *Babcock,* 3 Wend., 391; *Campbell* v. *Stakes,* 2 id., 137; *Studwell* v. *Shafter,* 54 N. Y., 249.)

*John J. Van Allen,* for the defendant. The defendant being an infant, and this being an action on contract for the sale of a horse, the plaintiff cannot recover, the contract not being binding upon him. Although the complaint alleges that the defendant warranted the mare to be all right, that said warranty was false, and was

known to be so by the defendant; yet the action is upon contract. The *gravamen* of the action is the contract, which cannot be made binding upon the infant by alleging deceit. (Tyler on Infancy and Coverture, §§ 123, 124; *Green* v. *Greenback*, 2 Marsh., 485; 4 Eng. Com. Law R., 375; *Moore* v. *Eastman*, 1 Hun, 578; *Jennings* v. *Rundall*, 8 T. R., 335; *Liverpool, etc., Ass.* v. *Fairhurst*, 9 Exch., 422; *Wright* v. *Leonard*, 11 C. B. [N. S.], 258; *Burnhard* v. *Haggis*, 14 id., 54; *Prescott* v. *Dudley*, 32 N. H., 101; 2 Kent's Com., 241, and note; *Morrill* v. *Aden*, 19 Verm. R., 505; *Johnson* v. *Pie*, 1 Lev., 169; *Vasse* v. *Smith*, 6 Cranch, 226; *West* v. *Moore*, 14 Verm. R., 447; *Wilt* v. *Welsh*, 6 Watts' R., 1; *Brown* v. *Dunham*, 1 Root's R., 273; *Brown* v. *McCune*, 5 Sandf., 224; *Studwell* v. *Shafter*, 54 N. Y., 249; *Greene* v. *Green*, 7 Hun, 492; *People* v. *Kendall*, 25 Wend., 399; *Campbell* v. *Stakes*, 2 id., 137; *Campbell* v. *Perkins*, 4 Seld. R., 440, 441; *Burley* v. *Russell*, 10 N. H., 484; *Merriam* v. *Cunningham*, 11 Cush., 40; *Bartlett* v. *Wells*, 1 B. & S. B. R., 836; E. C. L. R., 101; *De Roos* v. *Foster*, 12 C. B. [N. S.], 272; E. C. L. R., 104; *Manley* v. *Scott*, 1 Sid. R., 129; *Penrose* v. *Curren*, 3 Rawl. R., 351.)

LEARNED, P. J.:

This action is brought to recover damages for false and fraudulent representations made on the sale of a mare. The defense is, first, a denial of the false representations, and, secondly, the infancy of the defendant.

The complaint uses the language "warranted and represented," but it distinctly charges falsehood and fraud, and intention to defraud, in this warranty and representation. It is, then, an action to recover damages for the alleged fraud perpetrated to induce the plaintiff to enter into a contract.

There is no doubt that an infant is liable for his torts not connected with contracts, and that he is not liable for mere contracts unconnected with torts. But there is a class of cases where some tortious act enters into, or is connected with, the making of the contract. In respect to these, the line of decisions is not at the first glance apparently uniform.

Of these cases the following are cited by the plaintiff to sustain his view:

*Robbins* v. *Mount* (33 How., 24). In that case the defendants were not held liable, and nothing was decided as to infants. The injury was alleged to have arisen from some negligence or carelessness in a building, by which water ran upon rooms occupied by the plaintiff.

In *Eckstein* v. *Frank* (1 Daly, 334), it was held that where an infant obtains property upon representations that he was of full age, he is liable, in an action of tort, brought either to recover the property back or to recover damages.

In *Wallace* v. *Morss* (5 Hill, 391), an infant was held liable for obtaining goods fraudulently with intent not to pay.

*Campbell* v. *Stakes* (2 Wend., 137), was an action for misusing a horse hired by the defendant, an infant.

*Studwell* v. *Shapter* (54 N. Y., 249), held that in an action for the price of goods sold and delivered to an infant he could not be made liable by reason of fraudulent representations as to his credit.

*Bullock* v. *Babcock* (3 Wend., 391) and *Conklin* v. *Thompson* (29 Barb., 218) are cases of actual tort not connected with contract.

It will be seen that in none of these cases was the infant held liable where the tort was connected with a contract, unless the contract was disaffirmed by the plaintiff. In *Eckstein* v. *Frank* the ground of recovery was said to be that the defendant had obtained the property wrongfully. The plaintiff disaffirmed by suing, either for the property or for damages, and by not suing on the contract. In *Wallace* v. *Morss* the plaintiff disaffirmed, treating the transaction as a tort, not as a contract. In *Studwell* v. *Shapter* the court reversed the judgment for the plaintiff, saying that the action was founded on contract, and not based on fraud in disaffirmance of it.

This present action is not brought in disaffirmance of the contract. If the contract should be disaffirmed the plaintiff would have no title to the mare. But he kept the mare and thus affirms the contract, and asks damages for the fraud connected therewith.

In *Moore* v. *Eastman* (8 N. Y. S. C. [1 Hun], 578), an infant had hired a horse. The horse was taken sick, and the infant, against the advice of the doctor and the hotel-keeper, drove the horse. From the effects of such driving the horse died. The court held that, if the acts of the infant had been malicious or willful he would have been liable ; if they were only unskillful, he would not. That there

must be a tort independent of the contract. Although that case is not quite analogous to the present, yet the principle is similar, and the authorities there cited and approved apply directly. Prominent among these is *Green* v. *Greenbank* (2 Marshall, 485 ; S. C., 4 Eng. C. L. R., 375), where it was held that an infant was not liable for an action for falsely and fraudulently deceiving the plaintiff in an exchange of horses, because the deceit was practiced in the course of the contract. This same view is recognized in *People* v. *Kendall* (25 Wend., 399), and in *Munger* v. *Hess* (28 Barb., 75).

The general rule is laid down in Kent : " The fraudulent act to charge him must be wholly tortious ; and a matter arising *ex contractu*, though infected with fraud, cannot be changed into a tort in order to charge the infant in trover or case by a change of the form of the action." (2 Kent, 241.)

So it is held that infancy is a good defense to an action on the case for deceit and false warranty in the sale of goods. The false representations are a part of the contract. (*Prescott* v. *Norris*, 32 New Hamp., 101.)

Again, infancy is a good bar to an action founded on a false and fraudulent warranty upon the sale of a horse, whether such action be in form *ex contractu* or *ex delicto*. ( *West* v. *Moore*, 14 Vt., 447 , *Morrill* v. *Aden*, 19 Vt., 505.)

To the same effect is *Wilt* v. *Welsh* (6 Watts, 1), which contains a full examination of the cases, and holds that where the substantive ground of the action is contract, as well as where the contract is stated as inducement to alleged tort, infancy is a defense. So, too, *Studwell,* v. *Shapter* (*ut supra*).

This, too, is the doctrine stated in Tyler on Infancy. (§ 124, p. 128.) And this view makes all the cases consistent with each other. Thus, if an infant, by fraud, obtains property, with no intention of paying, though it be under the pretense of a contract of purchase, the defrauded party may recover. He does so on the ground that there was no real contract, and he disaffirms the apparent contract. On the same ground those cases must stand which have permitted a recovery for damages when an infant, to obtain goods, has fraudulently pretended that he was of full age.

On the same principle, if a party has been induced to purchase property from an infant, by the infant's fraud and misrepresentation,

it would seem that he might, on discovering the fraud, disaffirm the contract, return, or offer to return the property, and thus put the infant in the position of a mere wrong-doer, unjustly keeping what he had fraudulently obtained. And it would seem that the infant would then be liable in damages for tort.

But where, as in the present case, the aggrieved party retains the benefit of the contract, he does not disaffirm it. His action there rests on the ground that he has made a contract, and it is necessary for his recovery that he should show that a binding contract has been made. Here, then, infancy becomes a defense. The defendant says there has been no binding contract; no action, therefore, lies for fraud in respect to a contract which he could not make. The alleged contract is the substantive ground of, or the inducement to, the cause of action; for, if there was no contract, then there could be no fraud in the making of it, and disproving the contract defeats the action. Therefore, as decided in all the cases above cited, infancy is a bar.

From these views it follows that the verdict must be set aside and a new trial granted, costs to abide the event.

And further, that the order denying the motion to vacate the order of arrest must be reversed, with ten dollars costs and printing, and such order of arrest vacated, with ten dollars costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

New trial granted; costs to abide event; order denying motion to vacate order of arrest reversed, with ten dollars cost and printing; and order of arrest vacated, with ten dollars costs.