BENJAMIN F. SMITH, APPELLANT, v. ALICE R. BAKER, RESPONDENT, IMPLEADED WITH JAMES H. REDFIELD.

*Infant — when allowed to avoid a transfer of stock belonging to her, and bearing her signature — extra allowance — the court cannot presume bank stock to be worth more than its par value.*

This action was brought to recover the amount secured to be paid by a promissory note given by the defendant Redfield, and to have sixteeen shares of bank stock, alleged to have been assigned as collateral security for the note, sold, and the proceeds applied to the payment of the note. The stock did not belong to Redfield, but belonged to the defendant Baker, for whom Redfield acted as guardian. While the defendant Baker was under the age of twenty-one years, and in or about the year 1872, she, at the request of Redfield, wrote her name upon the back of the certificate, without being told for what purpose he desired her signature and without any arrangement that the shares should be transferred to him, or that he should be at liberty to sell or dispose of them. Under her name, as she had written it, her own name was again written by Redfield as her attorney.

*Held*, that as there was no intention on her part to supply Redfield with the evidence of the ownership of these shares, she was not estopped from disputing the validity of the title acquired by the plaintiff.

That even if the shares had been received by the assignor of the plaintiff, or the plaintiff himself, in reliance upon the signature of the ward, she would not be legally bound, as she was an infant at the time, and the law would, in the absence of any actual representation concerning her signature or her age, permit her to avoid its effect on the ground of her infancy.

The shares were for the sum of twenty-five dollars each, and no evidence was given that they exceeded in value that amount. The judgment of the court below denied the right of the plaintiff to appropriate this stock to the payment of his debt, and granted an extra allowance of eighty dollars to the defendant Baker.

*Held*, that the court could not presume the shares to be worth more than their par value, and that the allowance should be reduced to twenty dollars.

APPEAL from a judgment recovered upon the trial of this action at the New York Special Term.

*Birdseye, Cloyd & Bayliss,* for the appellant.

*William F. McRae,* for the respondent.

DANIELS, J.:

The object of the action was the recovery of a debt against the defendant James H. Redfield, amounting to the sum of $2,000 and interest, upon a promissory note made by him on the 24th of May, 1878, and the sale of sixteen shares of stock of the National Broadway Bank, and the appropriation of the proceeds towards the payment of the debt. The fact that the debt was contracted and the plaintiff was entitled to recover the amount of it, were proved beyond dispute upon the trial. But the shares of stock assigned as collateral security for the loan were not the property of Redfield, the debtor, but they belonged to the defendant Alice R. Baker, for whom Redfield acted as guardian during her minority. She was under his charge after the decease of her mother, and from the time she was about nine years of age until she attained the age of twenty-one years, in October, 1877. These shares of stock were part of her estate, and while she was under the age of twenty-one years, and in or about the year 1872, at his request, she appears to have written her name upon the back of the certificate. This was done under no arrangement that the shares should be transferred to him, or that he should be at liberty to sell or dispose of them, and she was not given to understand what his purpose was in desiring her signature, or that it was to be placed, or was, in fact, placed upon the certificate of these shares. There was, accordingly, no intention on her part to supply him with the evidence of ownership of these shares, without which, in no event, could he have used or disposed of the shares themselves. ( *Weaver* v. *Barden,* 49 N. Y., 286; *McNeil* v. *Tenth National Bank,* 46 id., 325.) And it is quite evident that the assignor of the plaintiff received the shares upon no such understanding, for, under her own name, as she had written it, her name was again written by the defendant Redfield, as attorney, and, upon that signature the shares were probably transferred as security for this loan.

But even if the shares had been received by the assignor of the plaintiff, or the plaintiff himself, in reliance upon the signature of the ward, as she was an infant at the time, she would not legally be bound by this as her act.   The law would still permit her, as long as she made no actual representation concerning her signature or her age, to avoid its effect on the ground of her infancy.   This is a general legal principle, too well settled to require any support by the way of citing authorities, and, being an infant, she could not be estopped by the simple circumstance of her name being placed upon the certificate of these shares of stock. (*Ackley* v. *Dygert*, 33 Barb., 176 ; *Brown* v. *McCune*, 5 Sandf., 224.)   These cases proceed upon the legal principle that a person under the age of twenty-one years will not be estopped from asserting the truth, by the mere circumstance appearing to have transpired in this case.   And the latter authority has not otherwise been disapproved of, except so far as it has a tendency to exonerate an infant from liability to arrest on account of fraudulent representations actually made by such person. (*Schunemann* v. *Paradise*, 46 How., 426 ; *Eckstein* v. *Frank*, 1 Daly, 334 ; *Wallace* v. *Morss*, 5 Hill, 391.)   The dealings through which the right is insisted upon, of appropriating these shares of stock to the payment of this indebtedness, took place exclusively between the plaintiff's assignor and the acting guardian of this infant, and in no manner precluded her from asserting her right to the shares, and repudiating the act and conduct of the person under whose charge she had been during the greater period of her minority. No act upon her part, either before or after she attained her majority, in any manner approved, confirmed or ratified, this illegal disposition of her property ; but she, herself, continued to receive the dividends upon it near to the time when this suit was commenced.   Upon the facts, as they were proven, the judgment denying the right of the plaintiff to appropriate this stock to the payment of this indebtedness was legal and proper.   To that extent the case seems to be free from substantial ground for doubt.   But, in determining the action without any proof as to the actual value of the shares, the court made an allowance in favor of this defendant amounting to the sum of eighty dollars.   The shares themselves were for the sum of twenty-five dollars each, and as there was no evidence that they exceeded in value the amount for which they were issued, this allow-

ance was unauthorized. It may, probably, in the absence of any proof, be presumed that the shares were of their face value, for they would ordinarily represent that amount of the capital stock of the bank issuing them, which, if it complied with the law, as it is to be presumed it had, would give them this extent of value. But the court could not presume them to be worth more than that sum. In making the allowance such a presumption seems to have been indulged in favor of this defendant, and upon the strength and effect of it, at least sixty dollars more was allowed to her by way of additional costs, than was permitted by subdivision 2 of section 3253 of the Code of Civil Procedure. This allowance should be reduced to the sum of twenty dollars, and with that modification the judgment should be affirmed, without costs to either party.

DAVIS, P. J., and BRADY, J., concurred.

Judgment modified as directed in opinion, and affirmed as modified, without costs.