### RADLEY v. KENEDY.

*(City Court of Brooklyn, General Term. April 27, 1891.)*

INFANCY—RESCISSION OF CONTRACT—DAMAGES.

In an action to avoid, on the ground of plaintiff's infancy, an executory contract entered into by him, and to recover back money paid by him on account thereof, defendant cannot be allowed, as a counter-claim, damages from plaintiff's failure to carry out the contract.

Appeal from trial term.

Action by Jerome L. Radley, an infant, by his guardian *ad litem,* against Patrick J. Kenedy. Plaintiff appeals from so much of a judgment in his own favor as allowed a counter-claim set up by defendant.

Argued before VAN WYCK and OSBORNE, JJ.

*L. B. Bunnell,* for appellant. *A. W. S. Proctor,* for respondent.

VAN WYCK, J. The plaintiff, an infant, entered into an executory contract under seal with defendant to purchase from him certain real estate, and paid on account thereof $500. This action is brought to avoid the contract on the ground of infancy, and to recover back the $500. The defense material to

the consideration of this appeal was by way of counter-claim, the defendant claiming that the plaintiff's fraudulent silence as to the fact of his infancy induced the defendant to make the contract with him, and that consequently he, defendant, was induced by the same fraud to incur an indebtedness of $250 for commissions to the real-estate broker who brought about the sale, and of $25 to his lawyer for drawing the instruments incident thereto. The trial court, at the request of the defendant, under the objection and exception of plaintiff, directed a verdict for the plaintiff for $500 and interest, less these sums of $250 and $25, and refused to direct a verdict for plaintiff for his claim without these deductions, to which plaintiff duly excepted. This raises the question whether or not defendant should have been allowed this counter-claim of $275. The items making up this sum are the damages resulting to defendant from plaintiff's breach of or failure to carry out the contract, which the plaintiff has elected to avoid on the ground of infancy. It is an effort to recover indirectly for a breach of the contract which is not obligatory upon the plaintiff. We do not think the defendant can recover for such breach on the theory that the plaintiff concealed either the fact of his infancy or his right to avoid the contract; otherwise, the plea of infancy,—the minor's weapon of defense against his contracts,—would be converted into one of self-destruction in most cases, and in many rendering his body as well as his property liable indirectly for the breach of a contract. It seems that "if the substantive ground of the claim rest in contract, an infant cannot be rendered liable by changing the form of the action to one in tort, when he would not be liable on the contract itself." 2 Kent, Comm. 241; *Studwell* v. *Shapter*, 54 N. Y. 252; *Brown* v. *McCune*, 5 Sandf. 224; *People* v. *Kendall*, 25 Wend. 400. For these reasons we are of the opinion that the judgment and order must be reversed, and a new trial ordered, with costs to abide the event.